## DICK SMITH v. THE STATE.

*No. 905.    Decided November 27th, 1895.*

*Motion for Rehearing Decided March 25th, 1896.*

### 1.  Circumstantial Evidence—Sufficiency of Charge as To.

A charge on circumstantial evidence is not complete unless it contains, in substance, the proposition, that the circumstances must exclude every other reasonable hypothesis, except that of defendant's guilt. Following, Jones v. State, 34 Tex. Crim. Rep., 490.

ON MOTION FOR REHEARING.

### 2.  Circumstantial Evidence—Sufficiency of Charge as To.

A charge on circumstantial evidence, to be sufficient, must, in effect, instruct the jury, that to warrant a conviction on such evidence the facts proved must be of a conclusive nature and lead, on the whole, to a satisfactory conclusion, and produce in effect, a reasonable and moral certainty that the accused and no other person

committed the crime charged, and exclude every other reasonable hypothesis consistent with defendant's innocence; and that unless they do so find, beyond a reasonable doubt, the defendant should be acquitted.

APPEAL from the District Court of Freestone.  Tried below before Hon. RUFUS HARDY.

Appellant, Dick Smith, and one Frank Yeldell were jointly indicted for burglary.  A severance was had, and upon the selection of Yeldell as the one first to be tried, the District Attorney dismissed the prosecution as to him and placed defendant upon trial, the trial resulting in his conviction, with punishment assessed at imprisonment in the penitentiary for two years.  An outhouse of one Louis Garnett was burglarized and some cotton seed taken therefrom.  Around the house were the foot tracks of two men, which tracks were measured, but neither of the measures fitted the tracks of defendant, Smith.  The cotton seed taken from the house was supposed to have been hauled off in a wagon drawn by two horses.  The tracks of the wagon led from the burglarized house to the house of appellant.  One of the tracks made by one of the horses drawing the wagon had a split in it, and a mare was found at defendant's with a hoof having a split in it which would have made this track.  Defendant's house and premises were searched, but no cotton seed found.  A day or so after, a pile of cotton seed was found in a plum thicket on the place occupied by Frank Yeldell, and one of the first track measures fitted the foot track of Frank Yeldell.

No further statement is necessary.

The charge given by the court upon circumstantial evidence is set out in the first opinion below.  This charge was excepted to and additional instructions requested upon the subject were refused.

After the judgment was reversed and cause remanded, the Assistant Attorney-General filed the following motion for a rehearing:

Now comes the State, by attorney, and moves the court to set aside its judgment of reversal rendered herein on November 27th, 1895, for the reasons following:

1.  Because the court erred in holding that the charge on circumstantial evidence, given by the trial court, was insufficient, in this, said charge contains all the constituent elements of approved charges on the subject.  It requires—(1) Each fact necessary to a conclusion is to be proved by competent evidence, beyond a reasonable doubt.  (2) All the facts necessary to a conclusion must be consistent with each other, and with the main facts sought to be proved.  (3) The circumstances taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion.  (4) And producing, in effect, a reasonable and moral certainty that the accused is guilty of the offense charged.

This is all the law requires in order to sustain a conviction on circumstantial evidence.  The jury are required to believe, to a reasonable and moral certainty, that the accused committed the offense.  If they so believe, it is certainly strange to say they entertain the idea that there is any reasonable hypothesis but that of his guilt.  The affirmative charge,

given by the trial court, requires the jury to believe, affirmatively, all that is contemplated by the special charge asked. Moreover, to require proof or belief of the negative of the affirmative already charged, is superfluous, unnecessary and calculated to mislead and confuse the jury.

2.   The opinion of the court, in effect, holds that the charge given is sufficient if not excepted to, but not sufficient if excepted to.

This is clearly erroneous, for the obvious reason that when a case depends wholly upon circumstantial evidence, a failure to charge on the law of circumstantial evidence is fundamental error. If, then, a charge is inherently defective, is it not tantamount to no charge? If the charge is required in any given case, the demand of the law is certainly not met by a partial or incomplete charge.

It is respectfully submitted that this court should say whether this charge is sufficient or not; if not sufficient, to indicate what form of charge will satisfy the demands of the law, and not leave the sufficiency or insufficiency to depend upon whether exceptions were reserved or not.

*Anderson & Moses*, and *J. R. Bell*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years' confinement in the penitentiary; and from the judgment and sentence of the lower court he prosecutes this appeal. The State relied alone upon circumstantial evidence for a conviction, which, to our minds, was of a very unsatisfactory character. Upon this character of testimony the charge is as follows: "You are instructed that this is a case of circumstantial evidence, and, in order to warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt. All the facts—that is, the necessary facts—to the conclusion must be consistent with each other, and with the main facts sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused is guilty of the offense charged." Counsel for appellant was not satisfied with this charge, and requested the court to give one, in substance, as follows: "It is not sufficient that the circumstances coincide with and render probable the guilt of defendant, but they must exclude every other reasonable hypothesis but that of the guilt of the accused." This instruction was refused, and counsel excepted. The charge submitted by the court conforms to that contained in Judge Willson's Forms for instructions upon this subject. In the absence of exceptions or requested instructions, we have held that Judge Willson's form is sufficient, that is, that we would not reverse a judgment because it was not sufficiently full and explicit in regard to the defects sought to be corrected in these requested instructions. Judge Willson's form was

followed in the Jones case, 34 Tex. Crim. Rep., 490. In this case the subject was elaborately discussed, and the rule stated most clearly and unequivocally that a charge on circumstantial evidence is not complete unless it contains, in substance, the proposition contained in the requested instructions, namely: that the circumstances must exclude every other reasonable hypothesis except that of defendant's guilt. We will not go over this subject again, but refer to the Jones case and authorities cited. The court should have given the requested instruction, and, for refusing to do so, the judgment is reversed, and the cause remanded for another trial.

*Reversed and Remanded.*

ON REHEARING.

DAVIDSON, Judge.—This case was before this court at the Tyler term, and reversed on the ground that the charge on circumstantial evidence was insufficient; and it comes before us now on a motion for a rehearing, made on the part of the State. It is insisted that the holding by this court in the Jones case, 34 Tex. Crim. Rep., 490—that, in order for the charge on circumstantial evidence to be complete, there should be presented, in some form, the idea or principle that the testimony must exclude every reasonable hypothesis consistent with the innocence of the accused—is not in accordance with the principles governing a case of circumstantial evidence, and not in accord with the former decisions of this court; and that, when the jury were told that, if the circumstances, taken together, were of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty of the guilt of the accused, it excluded every other reasonable hypothesis consistent with his innocence. In one sense this may be logically true, but still it does not pretermit the idea that, in a case of circumstantial evidence, the mind of the jury should not be directed by a proper charge to all of the avenues by which they are to test the question of guilt by circumstantial evidence. It will be found that the charges on this subject which have met the approval of the courts not only tell the jury to investigate the facts affirmatively, and to find, beyond a reasonable doubt, that, taken together, they are of a conclusive nature, and lead, on the whole, to a satisfactory conclusion, and produce, in effect, a reasonable and moral certainty of the guilt of the accused, but that they also are to test this question in a negative way; that is, to try it as to whether or not there is any reasonable hypothesis from the facts in the case consistent with the innocence of the accused, and, if there is, to acquit him. This view, we take it, is in consonance with the opinion in the Webster case, 5 Cush., 295, so often quoted, and which has been followed by this court. In that case the jury were told that they must not only find, to a moral certainty, that the accused committed the offense, but that no other person committed it; thus directly leading the mind of the jury to the question of exhaust-

ing every other reasonable hypothesis that might indicate that some other person than the accused committed the offense charged. The charge in this case followed the Webster case, except in this last respect, but omitted to state to the jury in any form that they must try the case as to any other person who might have committed the offense, or that they must exhaust the case upon every reasonable hypothesis consistent with the defendant's innocence before they could convict him. The appellant excepted to the charge of the court, and requested a proper charge on this subject, which was refused by the court, and he saved his bill of exceptions. For the error of the court in failing or refusing to give a proper charge on this subject, we adhere to the decision heretofore rendered in this case; and the motion for a rehearing is overruled.

*Motion Overruled.*