### BOB PACE v. THE STATE.

#### No. 1970. Decided June 21, 1899.

#### Motion for Rehearing Decided November 1, 1899.

**1.  Continuance.**

Where an application for continuance shows want of diligence, and it further appears from the other evidence adduced at the trial that the absent testimony sought is not probably true, it will be held that the application was in either event properly refused.

**2.  Same—Diligence—Evidence.**

Where the indictment was filed in October, 1897, and the trial occurred in April, 1898, it was not error to exclude, as evidence of diligence on the application for continuance, a subpoena and the return thereon issued and served in October, 1897.

**3.  Theft of Cattle—Charge.**

On a trial for theft of cattle, where there was evidence to the effect that defendant won the animal at a game of cards, it was not error for the court to instruct the jury to acquit if they so believed; and especially so where, in a subsequent portion of the charge, the court instructed the jury on reasonable doubt.  The charge, taken as a whole, was proper. .

**4.  Special Instructions.**

It is not error to refuse special instructions which are covered by the court's main charge.

**5.  Charge—Circumstantial Evidence—Harmless Error.**

An erroneous charge of court upon circumstantial evidence is harmless and does not constitute reversible error where the case is one not depending altogether upon circumstantial evidence.

ON MOTION FOR REHEARING.

**6.  Theft of Cattle—Circumstantial Evidence—Charge.**

On a trial for cattle-theft, where there is neither a confession by defendant nor any positive proof as to the fraudulent taking of the animal (which is the gist of the offense), the case is one of circumstantial evidence requiring a correct charge upon circumstantial evidence; and where, in such case, the court's charge in this regard is erroneous, the error is reversible error.

APPEAL from the District Court of Hill.  Tried below before Hon. J. M. HALL.

Appeal from a conviction of cattle-theft; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft of one head of cattle from the possession of F. Burleson on the 15th day of February, 1897.

Briefly stated, the evidence in substance was as follows:

F. Burleson, witness for the State and owner of the alleged stolen yearling, testified that he missed said yearling from his premises about February 15, 1897; that he recovered it about ten days subsequently from the premises of Jim Palmer.

State's witness Doyle stated that defendant told him he got the yearling from Jim Eddleman, and soon afterwards said he won it from Dave McBride.

Nath. West, witness for the State, testified that in February, 1897, defendant told him he bought the yearling from Jim Clausell.

Jim Clausell, witness for the State, testified that he never sold the defendant the yearling.

Dave McBride, witness for the State, testified that defendant never got the yearling from him; that he never played cards with defendant at John Pace's gate, and didn't bet an interest in a note of $24.50, given by defendant to Ike Clausell, against any saddle of defendant's; never won any such note from Clausell; never had any such note, and didn't trade the yearling and a black cow to defendant for an interest in such note and $12.50 in cash.

Ike Clausell, witness for defendant, testified that some time before February 15, 1897, he held a note for $24.50, signed by defendant, payable to witness, a short time before the alleged theft.  Dave McBride

told witness he had a black and white spotted yearling he would wager against said note. Witness would not bet the note against the cattle but McBride and witness did play a game of poker, McBride betting a sewing machine and witness betting the said note, and McBride won the note from witness and witness gave the note to said McBride.

John Pace, witness for defendant, testified that in February, 1897, he was present at a gate on his premises, and the yearling and black cow were then in the field about 100 to 150 yards from said gate; that McBride and defendant had been gambling at the gate; that McBride there traded the yearling and black cow to defendant for an interest in the note which defendant had won from McBride and $12.50 in money, which money witness loaned to defendant and defendant paid over to McBride; that M. E. Berry was present at said time; that said yearling is the one in controversy.

The defendant on the witness stand for himself testified as to the trade for the yearling and black cow, his testimony being substantially the same as witness John Pace's testimony. Also that he had given a note for $24.50 to the witness Ike Clausell, and that this note is the note a half interest in which Dave McBride bet with him at cards down near the gate on John Pace's premises for his saddle, and the half interest in which note he won from McBride and then traded the said half interest and $12.50 to McBride for the cow and yearling in controversy.

*Ivy & Derden, C. F. Greenwood,* and *B. F. Scruggs,* for appellant, on motion for rehearing.—The State relied upon circumstantial evidence for a conviction, and the authorities cited by the court do not support the opinion rendered herein.

The question involved in this case has arisen, however, in numerous instances, and in each case this court has unhesitatingly sustained the position we are now taking. The following authorities are directly in point and to our minds are absolutely decisive of this case. 26 S. W. Rep., 508, 728; 24 S. W. Rep., 512, 728; 35 S. W. Rep., 656; 17 S. W. Rep., 545; 15 Texas Crim. App., 116-120; 13 Texas Crim. App., 51; 27 Texas Crim. App., 465; 24 Texas Crim. App., 570; 17 Texas Crim. App., 645; 24 Texas Crim. App., 409; 20 S. W. Rep., 926; 27 Texas Crim. App., 477; 18 Texas Crim. App., 174, 576, 652.

The court erred in holding that the following erroneous charge given by the trial court was harmless error: "In this case the State relies for conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence, each fact necessary to establish the guilt of the accused must be proved by competent evidence beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with any other reasonable hypothesis or conclusion than of his guilt and producing in your minds a reasonable and moral certainty that the accused committed the offense." Because, first, said charge required a less degree of evidence than the law requires; second, the same reversed the fundamental rule of law, and

authorized the conviction of the defendant under insufficient evidence; third, it shifted the burden of proof from the State to prove his guilt to appellant to establish his innocence, and said error is intensified by the refusal of the court to charge that the burden of proof never shifts from the State to the defendant, and was calculated to mislead and confuse the jury. 30 S. W. Rep., 1059; 31 S. W. Rep., 388; 33 S. W. Rep., 399; 34 S. W. Rep., 960; 26 S. W. Rep., 209.

Appellant and John Pace testified positively to a purchase from McBride, that a half interest in a note and $12.50 in money was paid to McBride for the property. Clausell corroborates them as to said note, and his testimony shows that prior to the said purchase McBride was claiming said property. If the testimony of appellant, Clausell, and John Pace is true, McBride stole the cattle, then sold them to appellant; and we contend that the court committed a fundamental error in not accordingly charging the jury that if they believed McBride was an accomplice, his testimony should be corroborated, and in not further charging that if McBride stole the animal and appellant did not participate in the original taking, and that if McBride sold said animal to defendant, then he could not be convicted for theft even if he received the same, knowing it to have been stolen. 30 S. W. Rep., 914; 14 Texas Crim. App., 668; 15 Texas Crim. App., 363; 23 Texas Crim. App., 180; 11 Texas Crim. App., 576; 15 Texas Crim. App., 348, 115; 18 Texas Crim. App., 64; 22 Texas Crim. App., 239; 17 Texas Crim. App., 645; 21 Texas Crim. App., 699.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant complains of the court overruling his motion for continuance for the want of the testimony of Berry and Palmer. The indictment was filed October 5, 1897, and October 20, 1897, subpoenas were issued for both of said witnesses, and returned properly served. Both witnesses were absent at the spring term, 1898, of the court. On August 16, 1898, alias subpoenas were issued, and returned "Not found" in Hill County; the witness Palmer being in Bosque County, and Berry's residence unknown. Defendant states that he expected to prove by the witness Palmer that when appellant was first approached with reference to the stolen property, and called upon to give an explanation of his possession, he stated to witness that he had bought the property from one Dave McBride, who was then present attending court and subpoenaed by defendant as a witness in his behalf, and, as he alleged, would testify that defendant did not buy said property from him; and that the State expects to show by some witness that at and about the time, or a little while previous to the explanation made to said Palmer, this appellant told said witness (whose name is John Doyle), and who is now present, that he (defendant) bought the prop-

erty from one Franklin; that it is not true that he bought the prop-
erty from such person, and not true that he did so tell said witness
Doyle. By the witness Berry defendant expects to prove that said
Berry was present when defendant bought the property from said Mc-
Bride; that defendant paid said McBride for the same, as above stated;
that said purchase was made in the southwest part of Hill County, two
and one-half months before defendant was arrested for the alleged of-
fense with which he is charged. We do not think the application
shows diligence to obtain the testimony of either of said witnesses.
Nor is their testimony probably true, in the light of the record before
us. Therefore we do not think the court erred in overruling the ap-
plication for continuance. He also complains of the court excluding
as evidence the subpoena issued on October 20, 1897, for the witnesses
J. R. Palmer and M. E. Berry, and the return of the sheriff thereon,
showing that said Berry was served on October 20, 1897; and said
Palmer on October 25, 1897. There was no error on the part of the
court in excluding this evidence.

Appellant complains of the court's charge wherein he instructs the
jury that, if they believe from the evidence defendant won the animal
at a game of cards, then they must acquit him, because there was no
evidence that defendant won said animal at a game of cards, and hence
there was no such issue in the case, and the jury were not required,
under the evidence, to believe that defendant won the animal at a
game of cards. We think the evidence raised this issue; and the court,
in a subsequent portion of the charge, instructed the jury on reasonable
doubt, so the charge taken as a whole, in this regard, was proper. He
also complains of the refusal of the court to give his special charges
to the effect that if the jury believed defendant won the animal in
question in a game of cards, or if, from the evidence, the jury have a
reasonable doubt as to whether he so won the animal, they should
acquit. This charge, in substance, was given in the court's main
charge, and hence there was no error in refusing it.

He also complains of the refusal of the following special charge:
"You are instructed that in this case the burden of proof is on the
State to establish the guilt of the defendant beyond a reasonable doubt,
and this burden of proof rests on the State throughout the entire
trial, and does not shift from the State to the defendant; and unless,
from the evidence, you are satisfied beyond a reasonable doubt that
defendant is guilty as charged, you will acquit him." This charge
was, in substance, given by the court in the main charge, and it was
not necessary to repeat it.

Appellant complains of the court's charge on circumstantial evi-
dence, and the refusal of the court to give his requested charge on
that subject. The court's charge on circumstantial evidence is erro-
neous. Henderson v. State, 14 Texas, 514; Smith v. State, 35 Texas
Crim. Rep., 618. But this case is not a case depending solely upon
circumstantial evidence. In a theft case, where appellant swears, or
proves by other witnesses, that he had possession of alleged stolen

property, but claims that same was obtained in a manner that would not be a violation of the law, this character and kind of evidence relieves the court of the necessity of charging the law of circumstantial evidence; in other words, it ceases to be a case depending upon circumstantial evidence. In Rodgers v. State, 36 Texas Criminal Reports, 564, the court said: "It is only in cases where the conviction is made to depend entirely upon circumstantial evidence that this phase of the law is required to be given. The facts adduced upon the trial show beyond any controversy that defendant killed the animal in question. This he admitted to the State's witness, and this he proved himself by his own witnesses, and there is no question of the fact that he was connected with the killing of the animal." Hayes v. State, 30 Texas Crim. App., 404; Adams v. State, 34 Texas Crim. Rep., 470. Therefore, although the court's charge was erroneous, as contended by appellant, yet, this not being a case depending altogether upon circumstantial evidence, it was not incumbent on the court to charge thereon, and the error in the charge is thereby rendered harmless, and not calculated to prejudice the rights of appellant. The evidence amply supports the verdict of the jury and, no reversible error appearing in the record, the judgment is in all things affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

BROOKS, Judge.—This case was affirmed at the last Austin term, 1899, for reasons that appeared to us at that time sufficient. Motion for rehearing was filed, and the same has been transferred to this sitting of the court, and now comes before us on said motion.

Appellant strenuously insists that the court erred in the former opinion in holding that the motion for continuance filed in the lower court did not show diligence, and the testimony, if secured, was not probably true. In the view that we now take of this case, we do not deem it necessary to review the ruling on the motion for continuance, but will say, in passing, that it appears there are more evidences of diligence in the record than indicated in the original opinion. The only phase of the question we deem it necessary to review now is the contention of appellant that the court erred in holding that it was not necessary to charge on circumstantial evidence. We frankly admit that appellant is correct in this contention. It is not necessary to review all the facts in this case, but suffice it to say that the owner of the animal stolen testified that he lost the yearling; that it was missed from his place, and he gave no one consent to take it, and about eight or ten days afterwards he got it back from the premises of Jim Palmer. John Doyle testified for the State that he knew the defendant, and knew F. Burleson, the owner of the yearling alleged to have been stolen; that some time in the early part of 1897 defendant drove a black and white pied yearling down to where Jim Palmer was living, and sold it to Jim Palmer; that he was present,

and heard the trade between them. There is no positive evidence as to the taking of the animal. The animal was found in possession of appellant eight or ten days after the same was missed from the possession of the owner. Appellant claimed to have won the animal in a game of cards with one McBride. Where there is neither a confession by appellant, nor positive proof of the gist of the offense of theft (that is, the fraudulent taking), the case is one resting on circumstantial evidence; and it is fundamental error for the court not to charge upon the same. Crowell v. State, 24 Texas Crim. App., 404. As indicated in the original opinion of this court, the charge as given was erroneous, but it is not necessary here to criticise the charge given. A correct charge, in conformity with precedents, can be found in Henderson v. State, 14 Texas, 514, and Smith v. State, 35 Texas Crim. Rep., 618. We also think the court erred in failing to give the special charge on circumstantial evidence requested by appellant. This court has uniformly refused to affirm a case of circumstantial evidence where the trial court failed to charge on circumstantial evidence and the evidence in the case is of that character. Montgomery v. State, 20 S. W. Rep., 926; Robertson v. State, 26 S. W. Rep., 728. The motion for rehearing is granted, and, because the court failed to give a proper charge on circumstantial evidence, the judgment is reversed and the cause remanded.

*Motion granted. Reversed and remanded.*