### M. Hurt v. The State.

No. 3413.    Decided April 10, 1907.

Carrying Pistol—Challenge to Array—Jury Commissioners—Statutes Construed.

Where upon trial for unlawfully carrying a pistol, the record showed that at a previous term of the court, through an inadvertence of the court, there had been a failure to select jurors by means of jury commissioners, the court was authorized under article 695, Code Criminal Procedure, to order the sheriff to summon jurors from which defendant's jury was selected. Distinguishing White v. State, 45 Texas Crim. Rep., 597.

Appeal from the County Court of Lampassas. Tried below before the Hon. M. M. White.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The judge's qualification to defendant's bill of exceptions showed that by mistake of the court no jury commissioners were selected to draw a jury for the term of the court at which defendant was tried.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for unlawfully carrying on and about his person a pistol. The statement of facts, as contained in the record, is not approved by the trial judge and, therefore, cannot be considered. The only question, independent of the statement of facts, is found in a bill of exceptions reserved to a refusal of the court to sustain a challenge to the array of jurors. The bill of exceptions shows, as qualified by the judge, that at the previous term of the court, through an oversight and neglect on the part of the court, the commissioners failed to select a jury for the ensuing term. In this condition of affairs, the county judge ordered the sheriff, under article 695, Code Criminal Procedure, to summon a designated number of jurors, and out of this number a jury was impaneled and tried appellant. In White v. State, 45 Texas Crim. Rep., 597, reported in the 9th Texas Ct. Rep., 675, the judgment was reversed because the county judge, for quite a number of terms, had refused to appoint jury commissioners to select jurors principally upon the ground that it was saving expense to the county. Wherever the statute with reference to appointing jury commissioners and the draw-

ing of jurors for trial of cases has been deliberately set aside, or over-looked or disregarded, it will constitute ground for reversal. The law having provided this manner of securing a jury, it is not within the power of the court to willfully set aside a statute of the Legislature and adopt a method of his own as to the manner of securing jurors. But this rule does not apply where through inadvertence or oversight there has been a failure to select jurors by means of jury commissioners. Under article 695, supra, if for any cause the jurors have not been selected in accordance with the law, and the court is thereby authorized to secure jurors for the trial of cases pending, the judgment will not be reversed usually should the jurors be selected otherwise than by the jury commissioners. We think this case comes within that rule, and the court certifies and it is made to appear without contradiction that at the previous term, through inadvertence, a jury was not selected by means of jury commissioners. It was not intentional on the part of the judge to set aside or disregard the mandates of the law, and it would seem that this statute was intended to cover just such a condition of things. We adhere to the ruling in White v. State, supra, and believe it lays down the correct rule, and this opinion in no way conflicts or is out of harmony with the decision in that case. In other words, we hold that where through inadvertence or over-sight the jury commissioners have not selected a jury for the en-suing term, that the court would be authorized, under article 695, Code Criminal Procedure, to have the sheriff summon jurors for the disposi-tion of cases pending in court. Such, we understand, has been also the ruling by the Courts of Civil Appeals in this State.

Finding no error in the record, as presented, the judgment is affirmed.

*Affirmed.*