### Dave Moseley v. The State.

No. 387.    Decided February 9, 1910.

Rehearing denied April 19, 1910.

**1.—Theft of Hog—Charge of Court—Circumstantial Evidence.**

Where, upon trial of theft of a hog, the court in his charge on circumstantial evidence instructed the jury that each fact necessary to establish the guilt of the accused must be proved by competent evidence beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in the minds of the jury a reasonable and moral certainty that the accused committed the offense; and that it was not sufficient that the circumstances should render probable his guilt, but that the evidence must be so strong and conclusive as to exclude every other reasonable hypothesis than his guilt, the same was sufficient.

**2.—Same—Evidence—Tracks.**

Where, upon trial for theft of a hog, the witness testified as to tracks of a man, and did not give any opinion but simply stated the size of the tracks; that they were made by a barefoot and that this track was about the size of defendant's foot, etc., the same were admissible.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence showed that the defendant was the only negro in the neighborhood who went barefoot; that the barefoot tracks found were about the same size as the foot of the defendant; that the alleged missing hog was identified as that of the alleged owner, and the head and hide of same were found; that the hog had been skinned entirely down to its feet; and that said barefoot tracks had been traced to where the hog was killed and also to defendant's place; that at his place on the same day fresh hog meat was found which had been skinned, etc., the same was sufficient to sustain the conviction.

Appeal from the District Court of Liberty.  Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. M. Stevens* and *E. T. Branch* and *Stevens & Pickett,* for appellant.—Upon the question of footprints and tracks and the insufficiency of the evidence:  Watson v. State, 82 S. W. Rep., 514; Walker v. State, 81 S. W. Rep., 716; Cox v. State, 59 S. W. Rep., 903; Grant v. State, 42 Texas Crim. Rep., 273, 58 S. W. Rep., 1025; Smith v. State, 45 Texas Crim. Rep., 405, 77 S. W. Rep., 453; Mosely v. State, 67 S. W. Rep., 103; Hernandez v. State, 43 Texas Crim. Rep., 80, 63 S. W. Rep., 320; Tollett v. State, 44 Texas, 95.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted 'from a conviction had in the District Court of Liberty County, on August 12, 1909, in which appellant was found guilty of theft of a hog, the property of one Sam Foscue, and his punishment assessed at confinement in the penitentiary for a period of two years.

1.  The motion for a new trial complains, among other things, of the charge of the court on the law of circumstantial evidence.  This instruction is in this language: "In this case the State relies for a conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence each fact necessary to establish the guilt of the accused must be proved by competent evidence, beyond a reasonable doubt; and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused committed the offense.  It is not sufficient that the circumstances should render probable the guilt of the accused, but the evidence must be so strong and conclusive as to exclude every other reasonable hypothesis than that of the guilt of the defendant."  It is urged that same is insufficient in that the court failed to instruct the jury that the facts and circumstances proved should be consistent with each other; and, further, the evidence must be such as when taken all together, produces in the minds of the jury a reasonable and moral certainty that the defendant and *not some other person* committed the offense charged.  It was held in the case of Smith v. State, 35 Texas Cr. Rep., 618, that a charge on circumstantial evidence is not complete unless it contains in substance the proposition that the circumstances must exclude every reasonable hypothesis, except that of the defendant's guilt.  In the case of Chitister v. State, 33 Texas Cr. Rep., 635, the court say there is no prescribed form for an instruc-

tion on the subject of circumstantial evidence. If the ideas conveyed are correct, and so expressed as to be understood by the jury, the charge is sufficient. In that case the charge of the court did not require that the evidence should show that no other person committed the offense. In the earlier case of Hardin v. State, 8 Texas Crim. App., 653, Judge Clark, speaking for the court, uses this language: "The extent to which this or any other court has gone in prescribing a necessity for an instruction upon the law of circumstantial testimony is that, in cases dependent solely upon that species of evidence in order to connect the defendant with the offense committed, a jury should be instructed as to the nature and force of the conviction necessary to be impressed upon their minds before they are authorized to find against the prisoner. Hunt v. The State, 7 Texas Crim. App., 212. No particular words and phrases are essential in transmitting this idea to a jury, and the law is fully complied with if, from the charge given, it appears that the substance of the requirement has gone to them in such manner that they could not mistake the duty imposed in the particular case. In this particular case the requirement is fully met by an instruction that "the law prescribes no rule for the kind or amount of testimony, other than that it must be sufficient to fully satisfy the jury of the existence of every fact necessary to constitute the guilt of the accused beyond a reasonable doubt. This is the exact test furnished by the law." In that case it will be noticed that the court says that the requirements of the law are met by the instruction that the evidence must be sufficient to fully satisfy the jury of the existence of every fact necessary to constitute the guilt of the accused beyond a reasonable doubt. The charge of this court, it must be conceded, is not as well framed as ordinarily we might expect from the learned and distinguished judge who tried the case, but it does contain every essential element of the law of circumstantial evidence, and when considered in its entirety we do not think that it is subject to any substantial criticism.

2. The only remaining assignment that demands attention is that challenging the sufficiency of the evidence. We do not feel called upon to set out the testimony at length. Summarizing, the evidence was to this effect: Foscue owned a hog about a year old which ran close to where appellant lived. This hog bore his mark, which is distinctly given in the statement of facts. This hog was also well known to a witness by the name of Hilton, who testified to its identity on the trial, independent of his mark. On the day of the alleged theft Hilton found the hide, feet and head of this hog and fully identified it both by its flesh mark as well as by the fact that it bore the mark of appellant in its ears. When slain the hog had been skinned as one would skin a beef or other animal, and the feet cut off at the first joint. Hilton testified further that from indications the hog had been killed a very few hours; that he saw, near where the hog was killed, a barefoot track, which, he says, corresponded quite accu-

rately with the track of appellant. He also testified that appellant habitually went barefooted, and when arrested was in his bare feet, and that he knew of no other person in the neighborhood who went barefooted. He also testified that soon after discovering the head of the hog he went to appellant's place and found in his crib some fresh pork cut up which had been skinned and from which there was absent the head, feet and hide, and that in quantity and weight it would have amounted to about as much in pounds as the Foscue hog would have weighed. No explanation of any kind was made by appellant of the possession of this meat. Appellant introduced his brother, Robert Moseley, who testified in substance that he had about the time named given appellant permission to kill one of his hogs about the size of the Foscue hog and running in that immediate neighborhood. On cross-examination the accuracy of some of his statements was distinctly challenged, but this is the effect of his evidence. This, briefly, is the case. We hardly feel justified, in the light of the finding of the jury, and in view of the action of the trial court, in reversing the case on account of the insufficiency of the evidence. Many of the cases cited by the appellant go pretty far in impeaching verdicts and judgments under somewhat similar circumstances. After all, however, each case must depend in a large measure upon its own facts. A careful review of the facts in this case has convinced us that we would not be authorized, as presented, in reversing on the ground that there is no evidence to sustain the verdict of the jury.

It is therefore ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

### ON REHEARING.

### April 19, 1910.

RAMSEY, JUDGE.—Counsel for appellant have filed in this case a motion for rehearing which is based solely on the ground that the evidence is insufficient to support the verdict and judgment of conviction. This motion is sought to be sustained by an admirable argument in which the authorities are fully and fairly reviewed. While appellant's position is strongly put and the argument in its support quite plausible, we think, on a fair review of all the testimony, that it can not be said that our original opinion was incorrect. There has been some uncertainty and probably some obscurity in the decisions of this court both as to the admissibility and probative force of tracks where they are sought to be introduced as evidence of guilt. The case most relied upon by appellant is that of Mosely v. State, 67 S. W. Rep., 103. That was a murder case and the question there considered was the admissibility of the evidence of one McMeans. He was permitted to testify that in his judgment Moseley's foot was of the

size to have made the track which he saw at the end of the cane' patch at Louis Swanson's home. This testimony was objected to because, first, it was a mere opinion of the witness; and, second, because an expert opinion, were it admissible at all, would be admissible in a case where the witness had measured the track and then actually measured the foot of the defendant. In passing upon this question the court say: "In this case there is no suggestion of any measurement or comparison of the tracks found near the place of the homicide with those of the accused. The witness had seen the tracks near the place of the homicide, and then saw the foot of the accused at the trial, and from this merely he was permitted to state his opinion as to the identity of the tracks. We do not believe this should have been permitted." Now, in the case at bar the witness did not give any *opinion* as to the tracks at all. He simply stated the size of the tracks; that they were made by a barefoot; that this track was about the size of appellant's foot. Appellant was shown, when seen soon after the hog was found, to be barefooted. It was shown that he habitually went barefoot, and that he was the only grown man in that neighhorhood who did go barefoot. The case of Walker v. State, 81 S. W. Rep., 716, seems also much to be relied upon by appellant. In that case the question of tracks seems not to have figured at all. It appeared there that the hogs alleged to have been stolen were found in a sack which had previously contained cottonseed meal, and that this sack was found at the back end of an old house on the river bank. The evidence showed that the next day appellant was found with cotton-seed meal on his clothing, and during the night had been seen to cross a bridge by two witnesses, and it appears that this testimony did not place him in any position by which he could have taken the hogs, but that their testimony rather excludes the idea that he went to where the hogs were taken. The case also shows that he made a strong proof of alibi and gave an explanation of the presence of cottonseed meal on his clothing. The court in that case say: "Eliminating the fact of the cottonseed meal being on appellant's clothing, there is hardly a fact in the case looking towards guilt, unless it be the fact that he crossed the river and recrossed it on that night; but the guards exclude the idea that he went more than 100 yards from the bridge, and they saw him no more during the night. He returned from this point home. This is a case of circumstantial evidence, and the facts are not sufficient, under this record, to raise anything like a serious conclusion of guilt; much less does it exclude every reasonable hypothesis except one of guilt. Appellant was a negro, and the hogs were taken; but this could not be relied upon to sustain the conviction. There must be some sufficient evidence to show that the negro and the hogs got together, and that the negro took the hogs." While persuasive, we do not think the opinion in this case is conclusive. We have here these significant circumstances: Foscue was the owner of a hog which was well known to the witness Hilton, and was shown

to have been in Foscue's mark. The head of this hog was found and the hide and the feet. The hog had been skinned entirely down to its feet and its feet cut off. At some distance from where the remains were found and beginning at a place where there were evidences of a hog rooting in the ground, barefoot tracks had been traced to where the hog was killed and the same barefoot tracks were traced thence some little distance in the direction of appellant's place. At his place on the same day fresh hog meat was found which had been *skinned*. It also appeared that the head of this hog was missing and was not included in the meat preserved. Taking into consideration all the facts, that appellant went barefoot; that he was the only negro in that neighborhood who did go barefoot; that the barefoot tracks found were about the same size as the foot of appellant; that the meat found in his possession had been skinned and that the head was conspicuous by its absence, considered altogether, in our opinion was evidence upon which the jury were justified in concluding that appellant had stolen the hog in question. At least the evidence is of such gravity as would scarcely justify us, sitting as a court of appeal, in finding that there was no evidence from which the jury might have concluded that appellant was guilty.

The other questions are sufficiently discussed in the opinion to require no further discussion. Believing that there was no error in the original opinion, the motion for rehearing is hereby overruled.

*Overruled.*