ANTONIO COLUMBO V. THE STATE.

No. 1628.   Decided March 20, 1912.

Rehearing Denied April 10, 1912.

**1.—Local Option—Sufficiency of the Evidence—Felony.**

Where the indictment alleged the local option election to have been held subsequent to the enactment of the Felony Act, and. the evidence sustained the conviction, there was no error.

**2.—Same—Jury and Jury Law—Challenge to the Array—Jury Commissioners.**

Where the district judge appointed a jury commission to select jurors for the succeeding term, who selected the jurors for only six weeks thereof, and the court appointed a jury commission at the end of these six weeks, for the remaining four weeks of said term, a challenge to the array of such jurors was correctly overruled.

**3.—Same—Statutes Construed—Selection of Jurors.**

While the court might have proceeded under Article 695, Code Criminal Procedure, and ordered the sheriff to summons jurors after the time of the jurors selected by the jury commissioners had expired, yet under Articles 3145, 3150 and 3203, Revised Civil Statutes, and Articles 696 and 662, Code Criminal Procedure, there was no error in overruling a challenge to the array of jurors who had been selected by a jury commission appointed by the court during that part of the term for which no jurors had been selected, as the selection of jurors by a jury commission is supported by the whole policy of our law. Distinguishing Hurt v. State, 51 Texas Crim. Rep., 338, and other cases.

**4.—Same—Challenge to Array—Challenge for Cause.**

Where, upon trial of felony, the defendant excepted to the array of the jurors selected by a jury commission during the term of court, because a majority of said commissioners and the jurors whom they had selected were prohibitionists, and neither excepted to the individual jurors nor moved for a change of venue, and there was nothing to show that the jurors who served in this case were prejudiced or had any bias against defendant, there was no error in overruling his motion.

**5.—Same—Challenge to Array.**

Where jurors have been selected by a jury commission, no challenge to the array can be entertained.

**6.—Same—Evidence—Contemporaneous Transactions—System.**

Where, upon trial of a violation of the local option law, a State witness had testified that he laid seventy-five cents on the counter of defendant and said he wanted some cheese, whereupon defendant picked up the money and went into a back room, and when defendant returned, the witness went into said room and picked up a bottle of whisky wrapped in paper, there was no error in permitting the witness to testify that on several occasions prior and subsequent to said time, the same proceedings were gone through with defendant, and on each occasion witness had secured a bottle of whisky. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

**7.—Same—Bill of Exceptions—Evidence.**

Where objections relate to matters which must be reserved by bill of exceptions, they can not be reviewed otherwise.

**8.—Same—Charge of Court—Internal Revenue License—Prima Facie Evidence.**

Where, upon trial of a violation of the local option law, the State introduced in evidence internal revenue retail liquor license, and defendant claimed that he took out the license under the advice of friends and that he was only selling nonintoxicating malt liquors, there was no error in the court's charge that said license were prima facie evidence that defendant was engaged in

selling intoxicating liquors, but not prima facie evidence that defendant made the sale for which he was now on trial; and refusing a special charge more fully instructing the jury thereon. Article 603, Penal Code.

### 9.—Same—Charge of Court—Internal Revenue License.

Where, upon trial of a violation of the local option law, the State introduced in evidence an examined copy of entries made in the books of the internal revenue collector showing that defendant had secured a license as a retail liquor dealer, there was no error that the court in his charge denominated this paper an internal revenue license. Article 603, Penal Code.

### 10.—Same—Charge of Court—Circumstantial Evidence.

Where, upon trial of a violation of the local option law, the evidence showed that the prosecuting witness went into defendant's place of business, laid down his money on the counter and called for cheese, but received a bottle of whisky in another room, there was no error in the court's charge submitting the law of circumstantial evidence. Following Mosely v. State, 59 Texas Crim. Rep., 90, and other cases.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*R. H. Jones* and *Hart, Mahaffey & Thomas,* for appellant.—On question of challenge to the array: Lenert v. State, 63 S. W. Rep., 563; Hurt v. State, 51 Texas Crim. Rep., 338, 101 S. W. Rep., 806.

On question of introducing other sales: Monroe v. State, 56 Texas Crim. Rep., 444, 120 S. W. Rep., 479; Belt v. State, 78 S. W. Rep., 933.

On question of court's charge on prima facie evidence of United States internal revenue license: Floeck v. State, 34 Texas Crim. Rep., 314; Wheeler v. State, id., 350; Wright v. State, 35 id., 470; Reynolds v. State, 8 Texas Crim. App., 412.

As we understand the opinion of the court, it is conceded that article 402 of the Penal Code, as amended by the Act of April 24, 1909, page 356, provides that in prosecutions under that Act when it is shown that the defendant has posted up in his place of business internal revenue license that that should be prima facie proof that he was engaged in the occupation of a retail liquor dealer. However, the court further holds that this Act does not repeal the Act of 1903, page 55, which declares that in prosecutions for violating the local option law the payment of the tax shall be prima facie evidence.

We contend that in so holding the court is in error because the Act of 1903 was a rule of evidence provided for prosecutions in misdemeanor cases, while the Act of April 24, 1909, was providing a rule of evidence in the trial of felonies. Reynolds v. State, 8 Texas Crim. Rep., 412, and cases cited, supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted of the offense of violating the local option law, and his punishment assessed at one year confinement in the State penitentiary.

In this case the indictment alleges the election to have been held subsequent to the enactment of the law making it a felony to sell intoxicating liquors in prohibited territory. There can be no question as to the sufficiency of the evidence to sustain the judgment, but a number of questions are raised by bills of exception and in the motion for a new trial.

1. In the first ground of the motion for new trial, and by bill of exceptions No. 1, appellant insists that the court erred in not sustaining his challenge to the jury summoned for that week of court. It appears from the record that the May term of the District Court of Bowie County convened on the 15th day of May, 1911, and did not adjourn until the 19th day of August, 1911. It further appears that at the previous term of the District Court of that county, under appointment by Hon. P. A. Turner, judge of that court, a jury commission was empaneled and drew jurymen for six weeks of the May term. At the end of these six weeks, it appearing to the presiding judge that there were a number of cases on the docket undisposed of, he empaneled a new jury commission on this date, and instructed them to draw jurymen for four weeks, beginning with Monday, July 24, 1911, and when the commission so appointed had drawn the jurors for these four weeks and returned the lists into court, the court took a recess until Monday, July 24. When this case was called, on August 10, the defendant challenged the array of jurymen drawn for that week, on the ground that the court had no authority in law to appoint a jury commission at the time and on the date the jury commission had been appointed who drew the juries for these four weeks of the court; that the statutes made it the duty of the court to instruct the sheriff to summon juries under the circumstances, and any juryman, or list of jurymen, selected in any other manner was illegal, and the men selected by the jury commission, having been illegally drawn and selected, were not legal jurors. This brings in question the authority of the court, where a jury commission appointed at a prior term has selected jurors for a portion of a term, to select jury commissioners to draw jurymen for the remainder of the term. Appellant earnestly insists that under such conditions, that the law provides that the sheriff shall be directed to select and summon jurors, and cites us to article 695 of the Code of Criminal Procedure, which provides that "when, for any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such a number of qualified persons as it may deem sufficient, and from those summoned a jury shall be formed as provided in the preceding articles of this chapter." That the court might have proceeded under this article there can be no question, but is this method exclusive of any

other method? The whole policy of our law is and has been to adopt some method whereby jurymen selected to try causes, civil and criminal, may be fair and impartial jurors, and not selected arbitrarily in accordance with the wishes of any man or set of men in any given case. In the case of Hurt v. State, 51 Texas Crim. Rep., 338, 101 S. W. Rep., 806, the right of the court to order the sheriff to summon jurors is sustained, it appearing that the failure to appoint jury commissioners at the previous term was but an oversight, but in that case it is recognized that the policy of the law favors the selection of jurors by a jury commission, and if it appeared that the failure of the court to appoint a jury commission was wilful, then this court would not uphold his right to order the sheriff to select and summon jurors for the term. In the case of Lenert v. State, 63 S. W. Rep., 563, where the court, at the prior term, had not appointed a jury commission to draw jurors, it was held that the proper practice was for the court to have the sheriff to summon the jury, but inasmuch as the court had appointed a jury commission at the beginning of the term, and no injury had been shown, the question would not present reversible error. In this case appellant insists that he has been injured, in that he was charged with violating the prohibition law, and the court in appointing the jury commission, appointed three prohibitionists, who selected a panel consisting of thirty-two prohibitionists and only two anti-prohibitionists. This necessitates a review of our laws relating to the selection of jurors.

Article 3145 of the Revised Statutes provides: "The District Court of each county shall, at each term thereof, appoint three persons to perform the duties of jury commissioners for said court, who shall possess given qualifications." The right of the district judge to appoint jury commissioners is thus fixed by law, and the selection of men by him is not subject to review by us. In this case he did appoint jury commissioners who selected men for only six weeks of the term, and the cases on the docket requiring further time, it would have been proper for the court to reassemble that commission so selected and instruct them to summon jurors for the remainder of the term if it was possible to do so. But this record does not disclose that they were still living or, if living, were still residents of Bowie County; in fact, the bill does not show that it was possible for the court to have again convened the jury commission first appointed. (Roundtree v. Gilroy, 55 Texas, 176.) Instead of reconvening them, he selected a new jury commission to draw jurymen for the remainder of the term, and in so far as the bill discloses this may have been the only way that the judge could have acted, and have the jurymen selected by a commission.

By article 3150 of the Revised Statutes it is provided that, "if from any cause the jury commissioners should not be appointed at the time prescribed, *or should fail to select jurors as required,* or should the panels selected be set aside, or should the jury lists re-

turned into court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term under the provisions of this title, *and may, when it may be deemed necessary, appoint commissioners for that purpose."*

In the bill of exceptions it is shown that at the previous term of the court, the judge did appoint a jury commission to select jurors for the succeeding term, and the reason why the jury commission selected jurors for only six weeks is not shown. It is made to appear that jurymen were only selected for six weeks, but whether this was done in accordance with the instructions of the judge, or in accordance with the wishes of the commissioners that court should remain in session only that length of time, is not made manifest. However, it is manifest that the jury commissioners did not select jurors for each week that the District Court could remain in session in Bowie County, and having failed to do so, under article 3150, supra, the court would be authorized to appoint jury commissioners to select jurors for the remainder of the term. The whole policy of our laws is to have the jury selected by jury commissioners who have no case pending in court as is evidenced by reading our laws in regard to that matter. In the Act of 1905, authorizing special terms of the District Court, it is provided "that the judge of the district in which may be situated, in which it is deemed advisable by said judge that a special term of the court should be held, may convene such special term of the court at any time which may be fixed by him. The said judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with law." Under these provisions of our statutes we do not think the court erred in appointing jury commissioners to select jurors, and as the right and discretion to select the commissioners is confided in the judge, it is not subject to review by us. And the commission having been appointed by the judge, the panel for the week was not subject to challenge. Article 3203 provides: "No challenge to the array shall be entertained where the jurors have been selected by jury commissioners under the provisions of this title." By article 696 of the Code of Criminal Procedure, it is provided: "The array of jurors may be challenged by either party for the cause, and in the manner provided in capital cases, and the proceedings in such case shall be the same." In capital cases it is provided by article 662, that when jurymen shall be selected by a jury commission, no challenge to the array shall be allowed. In this case the challenge being to the array, and not to individual jurymen, under the provisions of the law, it was not permissible, the jury having been selected by a jury commission, and the court did not err in overruling the challenge. If conditions existed as alleged by appellant, and his case prejudged in Bowie County by reason thereof, he should have filed an application for a change of venue, and asked that this case be transferred to some other county, and if the evidence adduced supported such

allegations, the application doubtless would have been granted, but if not, then the matter would have been presented in a way this court could have reviewed the same, but where a jury is selected by a jury commission, legally appointed by the court, no challenge to the array is allowed by law. Appellant not attempting to show that any juryman who served in this case was prejudiced or had any bias against appellant, or had heard the speeches said to have been made by the judge criticising appellant, no such error is presented as should cause a reversal of this case.

2. In bill of exceptions No. 2 it is complained that after the prosecuting witness had testified "that on the 17th day of March, 1911, he went into appellant's place of business, and laid on the counter seventy-five cents and remarked, 'I want some cheese;' appellant picked up the money and went into a back room, and when appellant returned the prosecuting witness went into said room, and picked up a bottle of whisky, wrapped in white tissue paper," he was permitted to testify that on several occasions prior and subsequent to said date the same proceedings were gone through with and on each occasion he had secured a bottle of whisky. It appears that prior to the adoption of the local option law appellant was engaged in the saloon business, and when prohibition was adopted he entered into the cold drink business, and took out internal revenue license to sell intoxicating liquor; that when prosecuting witness desired a bottle of whisky he went into appellant's place of business and called for "cheese" and placed seventy-five cents on the counter, when appellant would go into the back room, and upon his return the prosecuting witness would go into the room and get the whisky wrapped in tissue paper. This would tend to show a method and system by which appellant was engaged in the sale of intoxicating liquors, and was admissible for the purpose of showing the system by which appellant made sales, if he did do so. James v. State, 63 Texas Crim. Rep., 75, 138 S. W. Rep., 612. In section 562 of Branch's Crim. Law it is said: "Proof of other sales or transactions is admissible when it shows system." Hollar v. State, 73 S. W. Rep., 961; Roach v. State, 47 Texas Crim. Rep., 500; Gorman v. State, 52 Texas Crim. Rep., 327; Bruce v. State, 39 S. W. Rep., 683; Myers v. State, 37 Texas Crim. Rep., 331. And where defendant does not directly deliver liquor, but it is obtained in a peculiar way, proof of other similar transactions is admissible. Fitze v. State, 85 S. W. Rep., 1156; Holland v. State, 51 Texas Crim. Rep., 142; Carnes v. State, 51 Texas Crim. Rep., 437; Storrall v. State, 97 S. W. Rep., 931. Numerous other cases might be cited, but we do not deem it necessary.

These are all the bills of exception in the record, but many grounds are assigned in the motion for new trial. Where they relate to matters not reserved in a bill of exceptions we can not consider same, unless it relates to some error in the charge of the court.

3. There was no error in the refusal of the court to give special charge No. 1 requested by appellant. The court charged the jury: "The United States internal revenue liquor license read in evidence to you is prima facie evidence that the firm of Fagnani & Columbo are engaged in selling intoxicating liquor, but it is not prima facie evidence that defendant made the sale for which he is now on trial." This is the law as written by the Legislature in article 603 of the Penal Code of Texas. Appellant admitted he had taken out internal revenue license, but said as he was selling nonintoxicating malt liquors he did so on the advice of friends. The license introduced in evidence was retail liquor license, and not license to sell malt liquors. Neither was there error in refusing special charge No. 2 in regard to the remarks of the district attorney, as there is no bill of exceptions evidencing that the district attorney made any such remarks.

4. The sixth ground in the motion is hypercritical. The court charged the jury that "the United States internal revenue license" introduced in evidence should be considered as prima facie evidence of certain facts, and appellant insists that this was error, as no internal revenue license was introduced in evidence. The State introduced an examined copy of the entries made in the books of the Internal Revenue Collector, showing that Fagnani & Columbo, a firm composed of Charles Fagnani and appellant, had secured license as a retail liquor dealer from the United States government. Article 603 of the Penal Code provides, "In prosecutions under the provisions of this law (the local option law) an examined copy of the entries on the books of the internal revenue collector showing that the United States internal revenue liquor or malt license has been issued to the person or persons charged with violating the provisions hereof, shall be admissible in evidence, and shall be held prima facie proof that the person or persons paying such tax are engaged in selling intoxicating liquors." It is thus seen that the examined copy of the entries is admissible in evidence, and made prima facie proof, and the judge denominating the paper thus introduced an internal revenue license, would be an immaterial matter. The fact that the statute, in article 597, authorizes also a different method of making proof that internal revenue license had been obtained, would not prevent the State from making the proof in either or both of the ways authorized by law. The fact that appellant was engaged in selling nonintoxicating malt liquors, and had been advised by a friend to pay the internal revenue tax, would not prevent such license, under our law, being held to be prima facie evidence that he was engaged in selling intoxicating liquors, when the evidence shows he did not take out malt license, but paid the higher price and took out license as a retail liquor dealer, which authorized him to sell whisky, and when the court instructed the jury that such license was not prima facie evidence that defendant made a sale to prosecut-

ing witness, no reversible error would be presented by the court not charging more fully in regard to the matter.

5. The court charged on circumstantial evidence, and there is no complaint that the court did not correctly present the law as applicable thereto, but it is insisted that the evidence did not call for such a charge. The evidence would show that the prosecuting witness entered appellant's place of business and called for cheese, when appellant picked up the money and went in a rear room. Upon his return the prosecuting witness went into this room and found a bottle of whisky on the counter. Under such facts there was no error in the court giving such a charge, and it is drawn in language frequently approved by this court. Mosely v. State, 59 Texas Crim. Rep., 90, 127 S. W. Rep., 178; Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126.

We have carefully gone over all the grounds stated in appellant's motion for new trial, and finding that evidence of other sales, in the mode and manner this sale was made, was admissible to show a system appellant had adopted in not delivering the liquor to a purchaser, but to so place it that the purchaser could find it, the other grounds present no error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 10, 1912.—Reporter.]