## C. A. LINDLEY v. THE STATE.

No. 10119.   Delivered June 23, 1926.

Rehearing denied October 27, 1926.

1.—Transporting Intoxicating Liquor — Statement of Facts and Bills of Exception—Time for Filing.

Under our revised Code of Criminal Procedure of 1925, Sec. 5 of Art. 760, statement of facts and bills of exception must be filed in the trial court not more than ninety days after the notice of appeal is given.   Having been filed more than ninety days after notice of appeal, the statement of facts and bills of exception in this case cannot be considered, and the judgment must affirmed.

### ON REHEARING.

2.—Same—Charge of Court—On Circumstantial Evidence—Held, Correct.

On rehearing, appellant urges that the charge of the court on circumstantial evidence was fundamentally erroneous.  The charge as given is almost an exact copy of the one set out in Branch's Crim. Laws, Sec. 204, and approved by many decisions of this court, and the motion for rehearing is overruled.  Following Baldez v. State, 37 Tex. Crim. Rep. 413, and numerous other cases cited in this opinion.

Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawfully transporting intoxicating liquor, and the punishment is one year in the penitentiary.

The notice of appeal was given on the 12th day of November, 1925, and the statement of facts and bills of exceptions were not filed in the trial court until February 21, 1926, or more than ninety days thereafter.  We have repeatedly held that a statement of facts and bills of exceptions filed more than ninety days after the notice of appeal is given cannot be considered by this court.   In this ruling we are following the plain terms of the statutes.  Sec. 5, Art. 760, 1925 Revision C. C. P.

In the absence of a statement of facts and bills of exceptions there is no error manifest by this record, and the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the charge on circumstantial evidence was fundamentally erroneous and demands a reversal even in the absence of the facts proven. We confess our inability to discover anything wrong with the charge in question, or to find any substantial difference between that given by the court and the one requested by appellant. The charge given is almost an exact copy of the one set out in Branch's Criminal Laws of Texas, Sec. 204, and approved in Baldez v. State, 37 Tex. Crim. Rep. 413, 35 S. W. 664; Boggs v. State, 38 Tex. Crim. Rep. 83; — S. W. —; Trevino v. State, 38 Tex. Crim. Rep. 66, 41 S. W. 608; Blount v. State, — Tex. Crim. Rep. —, 64 S. W. 1050; Reeseman v. State, 59 Tex. Crim. Rep. 430, 128 S. W. 1126; Moseley v. State, 59 Tex. Crim. Rep. 90, 127 S. W. 178.

The motion for rehearing is overruled.

*Overruled.*