J. T. SHACKLETT, Appellant,

v.

Curtis NAYLOR, Appellee.

No. 4011.

Court of Civil Appeals of Texas.

Waco.

June 21, 1962.

Rehearing Denied July 19, 1962.

Burt Barr, Dallas, Jesse Rickman, Terrell, Jack Morgan, Kaufman, for appellant.

Herbert Hooks, Dallas, Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

McDONALD, Chief Justice.

This is a personal injury action arising from defendant's alleged negligence in operating a "Stock Car" race track. Plaintiff Naylor brought suit for damages against defendant Shacklett, for injuries he received when he attended a "Stock Car" race, as a paying customer, at the "Thunderbird Speedway" race track, operated by defendant. Plaintiff alleged that while watching a race from the stands provided by defendant, a racing car, without warning, left the track, plunged through the barrier, and ran over him, causing severe, permanent and painful injuries.

Trial was to a jury which found that defendant failed to have a barrier of reasonably sufficient strength to protect the spectators; that such failure was negli-

gence; and a proximate cause of plaintiff's injuries. Plaintiff was acquitted of contributory negligence, and the occurrence was found not to be the result of an unavoidable accident. Plaintiff's damages for diminished earning capacity; physical pain, past and future; and mental anguish, past and future, were fixed at $40,000.; and plaintiff's future medical bills were fixed at $10,000.

The Trial Court rendered judgment on the verdict, for $50,000. for plaintiff.

Defendant appeals, contending:

1) The Trial Court erred in failing to quash the jury panel.

2) The Trial Court erred in failing to grant defendant's motion for instructed verdict.

3 & 4) The verdict is against the great weight and preponderance of the evidence; and is grossly excessive.

■ Defendant's 1st contention is that the Trial Court erred in refusing to quash the jury panel. The Jury Commission which selected the panel for the July 1961 term was appointed by the District Judge on 16 June 1961 and performed their work on that date. The July 1961 term, during which the instant case was tried, commenced the 1st Monday in July. Defendant contends that selection of the jury by the Jury Commission in June, for the July Term is violative of Article 2104 Vernon's Ann.Tex.St., which provides that: "The district court of each county shall at *each term* thereof appoint jury commissioners * * *." We overrule the contention for the reasons hereafter stated. The statute is directory and not mandatory. Harris v. State, 123 Tex.Cr.R. 161, 58 S.W.2d 513. The appointment of a jury commission near the end of a term for the purpose of selecting jurors for the next term is not violative of Article 2104. Columbo v. State, 65 Tex.Cr.R. 608, 145 S.W. 910. As a general rule the selection of Jury Commissioners by the District Court is not subject to review, and panels selected by Jury Commissioners are not subject to challenge. King v. Moberley, Tex.Civ.App. (n. w. h.), 301 S.W.2d 202. Finally, the defendant has not shown where the error, if any, caused the rendition of an improper judgment in the case. Rule 434 Texas Rules of Civil Procedure.

■ Defendant contends that the jury should have been quashed because "*J. T. Snowden*," was appointed as a Jury Commissioner, and "*J. T. Snowden, Jr.*" served as such Jury Commissioner. The record reflects that J. T. Snowden, Jr. received the notice of appointment, and served as Jury Commissioner. There is no showing that he was not the person the District Judge appointed. Moreover, no harm is shown. Rule 434, T.R.C.P. The contention is overruled.

■ Defendant further contends the jury panel should have been quashed because out of a jury panel of 40, some 20 were excused without a written request, and the Sheriff "picked up" 18 talesmen to fill the panel. Defendant urges the Court was without authority to excuse the jurors without an affidavit from each claiming a statutory exemption. There is no showing whether the Judge excused the 20 who were absent, or whether they merely failed to appear. Assuming the Judge excused them, it is our view the action complained of did not amount to such denial of defendant's rights as to cause the rendition of an improper judgment. Rule 434, T.R.C.P.

■ Defendant's 2nd contention is that the Trial Court erred in not granting defendant's motion for instructed verdict. Defendant urges that plaintiff knew they were having Stock Car races; that he went there to see Stock Car races; that he picked his own seat; that he knew cars collided with each other; and that he voluntarily exposed himself to a danger which he realized or should have realized and appreciated; and for which reason plaintiff cannot recover as a matter of law. Defendant cites Knebel v. Jones, Tex.Civ.App. (n.

r. e.), 266 S.W.2d 470, which is a case denying recovery to a spectator injured by a ball while sitting in the stands at a baseball game.

We reject the contention. Plaintiff was injured by a car climbing the barrier and running over him at a Stock Car race. The operators of the track had surrounded it with a dirt embankment some 3 feet in height; backed up by cross ties and a cyclone type fence; to protect the spectators. The record reflects that the car which injured plaintiff climbed the embankment, breaking a rotten cross tie, and went over the fence, striking plaintiff. The jury found that the barrier was of insufficient strength to protect spectators, and that such was negligence proximately causing plaintiff's injuries.

The promoter or proprietor of an automobile race owes the duty of ordinary care to protect spectators, lawfully present, from injury. This includes the provision of suitable barriers to protect spectators from coming in dangerous proximity to the race track. Kuemmel v. Vradenburg, Tex.Civ. App. (n. r. e.) 239 S.W.2d 869; Blashfield, Cyclopedia of Automobile Practice, Sec. 763. The contention is overruled.

Defendant's 4th and 5th contentions are that the verdict is against the great weight and preponderance of the evidence; and that the verdict is excessive.

Plaintiff was 61 years of age at the time of his injury, and in good health. He was totally disabled by the accident; he has suffered severe and constant pain in his legs, back and head; his legs were broken and were in a cast for over 5 months; medical evidence was to the effect his condition in all probability was permanent and that he was totally disabled and will be confined to a wheel chair the rest of his life.

Plaintiff testified as to loss of earnings of some $150. per month. Evidence was to the effect that future medical service and treatment would be somewhat higher for the first year, but after that time it would run $600. to $800. per year. We think the verdict not against the great weight and preponderance of the evidence and not excessive. The contentions are overruled.

The judgment of the Trial Court is affirmed.