## J. R. DOWD v. THE STATE.

### No. 1837. Decided May 29, 1912.

**1.—Illicit Procuring Female—Continuance.**

Where the absent testimony was shown by other witnesses, both by the State and for the defendant, there was no error in overruling the application for continuance.

**2.—Testimony not Probably True—Motion for New Trial.**

Under Article 597, Code Criminal Procedure, the court is required to measure the absent testimony as to its materiality and probable truth in the light of the testimony adduced on trial, and if the same is not probably true a new trial will not be granted.

**3.—Same—Charge of Court.**

Where the refused requested charge was fully covered by the main charge of the court, there was no error.

**4.—Same—Identity of Female.**

Where the identity of the alleged female was an issue in the case, there was no error in admitting testimony with reference thereto and refusing a special charge which was not the law.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully soliciting and procuring a certain female for immoral purposes, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Hunt. Tried below before the Hon. George B. Hall.

Appeal from a conviction of soliciting female for immoral purposes; penalty, a fine of fifty dollars.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under a complaint and information charging him with on or about November 15, 1911, in Hunt County, Texas, "unlawfully soliciting and procuring one Mrs. Dowd, a female, to visit and be at a particular place, to wit,

the private house then occupied by said J. R. Dowd, for the purpose of meeting and having unlawful sexual intercourse with one Jake Patterson, a male person."

The evidence of Patterson and White would show that they met Dowd in Lone Oak about the date alleged, and that all three of them came from Lone Oak to Greenville together. That while on the train Dowd asked Patterson if he would like to have sexual intercourse with a woman when they got to Greenville, witness giving an affirmative answer. That when they got to Greenville Dowd carried them to his home; that when they got to the house there was no woman there, and Dowd went out and shortly returned with a woman whom he introduced to Patterson and White as Miss Ida Smith. That he told the woman she could make $10 off of these two men, and could buy her a skirt. Patterson testified he went in another room and had sexual intercourse with the woman and paid her $5. White testified he subsequently went in the room and had intercourse with the woman, and paid her a like amount. On the day of the trial they identified Mrs. Dowd, appellant's wife, as the woman with whom they had sexual intercourse, and who appellant introduced to them as Miss Smith.

Mrs. Dowd testified she was not at home that day, but spent the day with her aunt, Mrs. Sue Winton. Mrs. Winton and other witnesses testify to the same effect, and Mrs. Dowd further denied ever having sexual intercourse with Patterson and White at any time; however, Patterson and White positively identify her as the woman by a gold tooth in her mouth. This, in substance, is the testimony.

Appellant complains of the action of the court in overruling his application for a continuance on account of the absence of Tom Givins and G. W. Hogue. By Givins it is stated he expected to prove he went to Lone Oak that day. This is proven by all the witnesses both for the State and defendant, consequently this presents no error. As to the witness Hogue, the application fails to show the place of residence of said Hogue, and is lacking in diligence. In addition it is stated that it is expected to be proven that Hogue was with Patterson and White and appellant on that occasion. While Patterson and White were on the witness stand no question was asked them by defendant to develop the fact that Hogue was present, but on the contrary, their testimony excludes that idea, and it has been held by this court that under subdivision 6 of article 597 the court is required to measure the testimony as to its materiality and probable truth in the light of the testimony adduced on the trial, and if not probably true, viewed from this standpoint, a new trial will not be granted. (Section 643 of White's Ann. Proc., and authorities there cited, including Weathersby v. State, 29 Texas Crim. App., 278.)

Special charge No. 1 was fully covered by the court in his main charge, the court instructing the jury: "If you believe beyond a reasonable doubt that the defendant did at the time and place as

alleged by the State procure a female for the unlawful purpose of meeting one Jake Patterson to have unlawful sexual intercourse with the said Jake Patterson, you will not convict defendant unless you further believe beyond a reasonable doubt that said female was the said Mrs. Dowd as alleged by the State."

Special charge No. 2 is not the law, and should not have been given. The testimony of the witness White was admissible for all purposes, as the identity of Mrs. Dowd was an issue in the case.

This being a misdemeanor, the other grounds in the motion present no error.

The judgment is affirmed.

*Affirmed.*

Prendergast, Judge, not sitting.