### J. F. BATEMAN v. THE STATE.

#### No. 4406.   Decided March 21, 1917.

**1.—Robbery—Statement of Facts—Felony—Transcript.**

Where the statement of facts was transcribed in the record in a felony case, the same could not be considered on appeal; but when considered, there was no reversible error.

**2.—Same—Evidence—Other Transactions.**

Viewed in the light of the statement of facts, there was no error in admitting evidence not immediately connected with the offense alleged.

**3.—Same—Evidence—Other Offenses—Rule Stated.**

Where the defendant was not clearly identified at the time as one of the parties connected with the robbery, there was no error in admitting evidence of identification at the other times and places mentioned, the same occurring close together. Following Wyatt v. State, 55 Texas Crim. Rep., 73, and other cases.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of robbery by the use of firearms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Chas. Ashworth* and *Ross Huffmaster,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of striking out statement of facts: Hardgraves v. State, 61 Texas Crim. Rep., 325.

DAVIDSON, Presiding Judge.—Appellant was convicted of robbery by the use of firearms and his punishment assessed at five years confinement in the penitentiary.

The Assistant Attorney General moves to strike out and not consider the statement of facts because not brought before this court in the manner provided by statute, which provides the statement of facts in felony cases must be brought up separate from the transcript. It seems that this motion is well taken. The statement of facts was transcribed in the record and certified as part of the transcript. It should not have been included in the transcript, but the original statement of facts should have been sent up independent of the transcript of the proceedings. The statement of facts has, however, been read, and in view of the fact that this matter would be cured by certiorari or by agreement of counsel, we have concluded to look at the case as if the statement of facts was properly before us.

Bills of exception were taken to the action of the court permitting the introduction of testimony not immediately connected with the offense charged. Viewed in the light of the qualification of the judge, the case could be affirmed without reference to the statement of facts; but viewed in the light of the statement of facts and qualification of the judge, for the judge refers to the statement of facts in his qualification, there seems to have been no error in admitting this testimony, viewed in any light.

Briefly, the case is, that there was a negro social function several miles from Crandall, in Kaufman County. A jitney driver took defendant and three others from the town of Crandall to this negro meeting. Just before reaching the place where the function was in vogue, and about a mile distant, the car was stopped. The four got out of the car and took a drink. One of the parties got back in the car while the other three went to a barn about one hundred yards distant; they were gone a few minutes and returned. The party who is alleged to have been robbed testified that he was one of the parties in the barn when three men entered and "held them up." They robbed witness of about three dollars. This incident is the basis of this prosecution. He did not recognize any of the parties. They had a small light which the three robbers extinguished. Upon returning to the jitney these parties got in and the car went on about a mile to where the negroes were assembled at the function and began a series of acts, exhibiting and shooting their pistols and robbed at least one party of something like seven dollars. The jitney driver sufficiently identified defendant as one of the parties he took in his car and as one of them who left and went to the barn where the witness said he was robbed of three dollars by the exhibition of a pistol. He was not present at that rob-

bery and knew nothing about it otherwise than the fact that the three parties left the jitney and were gone fifteen or twenty minutes and returned. The parties at the barn did not recognize any of the parties, but at the social function appellant was recognized as one of those engaged in that robbery. Some of the witnesses who saw the defendant and his crowd at the social function were carried to the jail the next day after the arrest of appellant and circumstantially recognized the defendant as one of them. His identity at the social function, over appellant's objection, was properly admitted.

The objection urged to the introduction of this testimony was that it was developing another crime, which it is contended was illegitimate and the evidence inadmissible. We would be inclined to agree with this proposition if appellant had been clearly identified at the time as one of the parties to the transaction relied upon by the State for conviction, but as this was not the case we are of opinion the court did not err in admitting the evidence of identification at the other times and places mentioned. These two transactions occurred within thirty or forty minutes of each other and at night. Where the identity of the party is not definite as connected with the offense on trial, extraneous offenses may be introduced to connect and identify with the case on trial. See Wyatt v. State, 55 Texas Crim. Rep., 73, and Wright v. State, 56 Texas Crim. Rep., 353. Under this view of the case we are of opinion that even considering the statement of facts there was no error in the ruling of the court.

The judgment will be affirmed.

*Affirmed.*