## RANDALL COLTER v. THE STATE.

No. 7500.   Decided October 10, 1923.

Rehearing denied November 14, 1923.

**1.—Selling Whisky—Suspended Sentence.**

Where it appeared that the defendant was more than twenty-five years old, there was no error in refusing a requested charge on suspended sentence; Following Hooper v. State, 94 Texas Crim. Rep., 278, 250 S. W. Rep., 694.

**2.—Same—Accomplice—Charge of Court.**

Where, upon trial of selling intoxicating liquor, the evidence did not raise the issue of accomplice testimony, there was no error in refusing a charge thereon.

**3.—Same—Other Transactions—Evidence—Agency.**

Where accused admits in whole or in part the transaction upon which the State relies for conviction, but defends on the ground that he was acting as agent for the purchaser, proof is admissible of other sales to aid the jury in solving the question of alleged agency.   Following Ross v. State, 72 Texas Crim. Rep., 611, and other cases.

**4.—Same—Rehearing—Suspended Sentence.**

On the question of suspended sentence, this court can only say that the court's former conclusion in the original opinion is upheld by the unbroken decisions of this court.

**5.—Same—Accomplice—Charge of Court.**

Where the violation of the law charged against appellant was completed, then, if in a subsequent attempt to readjust the transaction the witness Wilson appropriated part of the money given him by appellant to be returned to the party Frederick, this would not make Wilson an accomplice to the sale of the liquor.

**6.—Same—Other Transaction.**

This court cannot agree with appellant that the learned trial judge erred in admitting evidence of a prior transaction between appellant, Wilson and Frederick similar to the one detailed here.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne* for appellant.

*R. G. Storey,* Assistant Attorney General, and *H. R. Young,* County Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of whisky. Punishment was assessed at two years in the penitentiary.

95 T. C.—42

Appellant filed an application requesting that the issue of suspended sentence be submitted to the jury. The application contains no averment that accused was under twenty-five years of age. In refusing a requested instruction upon the issue the learned trial judge certifies that he declined to submit the question because accused was more than twenty-five years old. The correctness of the court's action is manifest from Article 588¼a4, Vernon's 1922 Supplement; Robinson v. State, 92 Texas Crim. Rep., 527, 244 S. W. Rep., 599; Davis v. State, 93 Texas Crim, Rep., 192, 246 S. W. Rep., 395; Hooper v. State, 94 Texas Crim. Rep., 278, 250 S. W. Rep., 694.

The contention is made that the court should have instructed the jury that the witness Wilson was an accomplice, or should have submitted the question to the jury under an appropriate charge. Wilson's testimony is in substance, that appellant sold the whisky to one Frederick; that it was to be delivered at Wilson's barn; that Frederick left a check with Wilson which he turned over to appellant when the whisky was placed in the barn. Frederick's testimony would make Wilson his agent in the purchase of the whisky, which is borne out by the evidence of appellant that his transaction was with Wilson. We think neither charge called for. Whatever Wilson's connection with the matter may have been he was acting with and for the purchaser. The purchaser of intoxicating liquor is no longer an accomplice. See Article 588¼a3, Vernon's 1922 Supplement; Id. Sec. 2, Acts. 1919, 36th Leg. 2d. C. S. Ch. 78; Cortinas v. State, 93 Texas Crim. Rep., 52-64, 245 S. W. Rep., 911; Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep. 979.

The state's evidence on direct examination showed that Wilson and Frederick went to Cedarville shortly before Christmas of 1921 and there met appellant, where Frederick contracted with him for five gallons of whisky to be delivered in Terrell at Wilson's barn; it was so delivered and Wilson gave appellant Frederick's check for $75 in payment therefor. Appellant admitted a transaction involving five gallons of whisky but asserted that he was acting only as accommodation agent for Wilson, and that the whisky delivered at the latter's barn was not sold by appellant but was purchased by him for Wilson from a man camped near the Asylum grounds in Terrell. In this state of the record the state in rebuttal was permitted to prove over objection that about July 1921 appellant sold a quart of whisky to Frederick at or near Cedarville. It is well settled that in prosecutions for the illegal sale of intoxicating liquor other sales cannot be shown unless facts are developed which make such other transaction admissible under an exception to the general rule excluding proof of other offenses. Many cases illustrating the rule are cited under Section 166, Branch's Ann. P. C.; See also Ross v. State, 93 Texas Crim. Rep.,

61, 245 S. W. Rep., 680; Burton v. State, 93 Texas Crim. Rep., 335, 247 S. W. Rep., 869. Where accused admits in whole or in part the transaction upon which the state relies for conviction, but defends on the ground that he was acting as agent for the purchaser, it appears under former decisions of this court to present one of the exceptions making permissible proof of other sales to aid the jury in solving the question of alleged agency. Ross v. State, 72 Texas Crim. Rep., 611; 163 S. W. Rep., 433; James v. State, 62 Texas Crim. Rep., 610, 138 S. W. Rep., 612; Columbo v. State, 65 Texas Crim. Rep., 608, 145 S. W. Rep., 910.

Finding no errors in the record the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 14, 1923.

LATTIMORE, JUDGE.—We discuss the appellant's contention that we erred in upholding the action of the trial court in not submitting the issue of suspended sentence, no further than to say that our former conclusion is upheld by the unbroken decisions of this court.

Appellant again insists that the learned trial court erred in refusing to instruct the jury that State witness Wilson was an accomplice, his contention being based on the proposition that according to the testimony of appellant and his witnesses, Wilson kept certain money turned over to him by appellant to be paid to Mr. Frederick. That this may be clear,—it appears from the facts that Mr. Frederick gave Wilson a check for $75 to be used by the latter in payment for the whisky involved in the alleged transaction. This check was turned over to and endorsed by appellant and the five gallons of whisky were admittedly brought by appellant and put in the barn of Wilson. It is also without dispute that subsequent to this transaction Mr. Frederick claimed the whisky was unfit for use and demanded the return of his money from appellant. Frederick and Wilson both testified that when the money was returned by appellant to Wilson for Frederick that $7.50 was kept out for a half gallon jar of the liquor that was broken by Mr. Frederick. Frederick said that when it was agreed that the money was to be paid back to him by appellant, except for that which was broken, that appellant and Wilson went into the office of the latter from which Wilson presented emerged with $67.50 in money which was by him turned over to Frederick. Appellant and his witnesses testified that he turned over $75 to Wilson. As we understand appellant's contention under discussion it is that Wilson kept $7.50 of the money thus returned to him by appellant and by that

act became an accomplice. We would not be inclined to think such facts to make of Wilson an accomplice in any event. The sale of the liquor, if any, had been completed and the liquor turned over to the purchaser. The violation of the law charged against appellant was completed. If in a subsequent attempt to readjust the transaction because of the inferior quality of the whisky Wilson appropriated part of the money given him by appellant to be returned to Mr. Frederick, this would not seem to us capable of any interpretation that would make Wilson an accomplice to the sale of the liquor. His act in this connection if as contended by appellant, was not part or parcel of the transaction resulting in the completed sale of the liquor but arose from his lapse in connection with the readjustment. Even if guilty of embezzlement or any other crime in connection with an appropriation of the alleged $7.50, his status in this regard could not be looked to as determining his attitude as a witness in the other transaction.

Nor are we able to agree with appellant that the learned trial judge erred in admitting evidence of a prior transaction between appellant, Wilson and Frederick, similar to the one detailed here. Appellant having asserted his entire innocence in the instant transaction, and that he acted solely as accommodation agent for the purchaser Wilson, or Wilson and Frederick, it was competent for the State to rebut this claim of innocent intent in the transaction under investigation, by proof of another transaction involving a sale by appellant.

The motion for rehearing will be overruled.

*Overruled.*