## E. B. DONALDSON v. THE STATE.

### No. 7398.  Decided October 24, 1923.

### Rehearing denied April 2, 1924.

#### 1.—Selling  Intoxicating  Liquor—Continuance—Second  Application.

Where defendant failed to allege in his second application for continuance that the absent testimony could not be procured from any other source, there was no reversible error in overruling same.

#### 2.—Same—Election by State—Indictment.

Where the indictment contained two counts each charging the sale of intoxicating liquor, one that the liquor was intoxicating, the other that the same contained more than one percent of alcohol by volume, the State was not required to elect.  Following:  Baker v. State, 25 Texas Crim. App., 1, and other cases.

#### 3.—Same—Duplicitous Pleading—Indictment—Kind of Liquor.

An indictment containing two counts is not for this reason subject to the objection that it is duplicitous.  Duplicity is the charging of more than one offense under a single count.  It is not necessary that the indictment specify the kind of liquor.  Following:  Travino v. State, 242 S. W. Rep., 242.

#### 4.—Same—Evidence—Other Liquor—Charge of Court.

Where defendant denied making the alleged sale and that there was liquor in his possession, there was no error in admitting testimony of the finding of three bottles of intoxicating liquor in a mudhole in the yard, and the court's charge thereon is not open to objection taken thereto.

#### 5.—Same—Bills of Exception—Question and Answer Form.

Our code forbids the presentation of bills of exception in question and answer form, except under certain conditions, and there being no such conditions they cannot be considered on appeal.  Following:  Rylee v. State, 90 Texas Crim. Rep., 482.

#### 6.—Same—Rehearing—Other Transactions—Bill of Exceptions.

Where the bill of exceptions is in question and answer form it could not be considered on appeal, and the question as to admitting evidence or finding other liquor cannot be reviewed.  Following:  Reese v. State, 94 Texas Crim. Rep., 220.

#### 7.—Same—Charge of Court—Practice on Appeal.

Not being in a position to consider the admissibility of evidence the court is unable to say that the charge of the court limiting the purpose for which the evidence was admitted was erroneous.

Appeal from the District Court of Hall.  Tried below before the Honorable J. A. Nabers.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. T. Clark,* for appellant.—On question of other transaction: Parish v. State, 89 S. W. Rep., 830; Harris v. State, 97 id., 704;

Myers v. State, 108 id., 393; Mitchell v. State, 159 id., 1073; King v. State, 234 id., 1107; Venn v. State, 232 id., 822.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Hall County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Appellant made a second application for continuance. Same failed to allege that the absent testimony could not be procured from any other source. The action of the court in overruling the application was in accordance with Art. 609, Vernon's C. C. P. and the authorities cited thereunder.

The indictment contained two counts, each charging a sale of intoxicating liquor, one alleging that the liquor was intoxicating, the other that same contained more than one per cent of alcohol by volume. The State was not required to elect. Baker v. State, 25 Texas Crim. App., 1; Zilliox v. State, 93 Texas Crim. Rep., 301, 247 S. W. Rep., 523.

An indictment containing two counts is not for this reason subject to the objection that it is duplicitous. Duplicity is the charging of more than one offense in a single count. It is not necessary that the indictment specify the kind of liquor sold. Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242.

Appellant denied making the alleged sale and claimed that there was no liquor in his yard or his possession, or on his premises. There was no error in admitting testimony of the finding of three bottles of intoxicating liquor in a mud hole in the yard. The charge of the court restricting the jury's consideration of the testimony of the finding of said three bottles, to the issue of whether same shed light on the purported sale of the liquor charged, is not open to the exception that was taken thereto.

Bills of exception Nos. 9, 10, 11, 12, 13 and 14 are objected to by the Assistant Attorney General because same are in question and answer form. An inspetion of the record reveals that this objection is well taken and said bills will not be considered. Rylee v. State, 236 S. W. Rep., 744. Art. 846 of our Code of Criminal Precedure forbids the presentation of bills of exception in question and answer form except when certified by the trial court as necessary in order to place before this court the setting of the objection. No such showing appears in any of the bills of exception referred to.

The proof of guilt being sufficient, and no error appearing in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

April 2, 1924.

HAWKINS. JUDGE.—In his motion for rehearing appellant reasserts that error was committed by the trial court in admitting in evidence the fact that subsequent to appellant's arrest certain liquor was found on his premises. We find this matter is attempted to be presented for review by bill of exception in question and answer form, and we regret that we are not permitted to consider it in such condition. In addition to the authorities cited in the original opinion upon this point we refer to the case of Reese v. State, 94 Texas Crim. Rep., 220, 249 S. W., 857 for a collation of many authorities relative to bills of exception in such form.

Other questions raised in the motion turn largely upon the charge of the court relative to this liquor. Not being in a position to consider the admissibility of evidence relative to it we are likewise unable to say the charge of the court limiting the purpose for which it was admitted was erroneous.

The motion for rehearing is overruled.

*Overruled.*