## WILLIS CANNON V. THE STATE.

No. 9525.   Delivered November .4, 1925.

Rehearing Denied January 20, 1926.

1.—Selling Intoxicating Liquor—Bill of Exception—Incomplete—No Error Presented.

Where a bill of exception complains of. the refusal of the trial court to permit a state witness to answer a question propounded by appellant on cross-examination, and does not set out the answer that would have been given to such question we are not able to say that the exclusion of the answer was error. See Branch's P. C. Sec. 212 p. 136 for collation of authorities.

2.—Same—Evidence—Properly Admitted.

Where on a trial for the sale of intoxicating liquor, the issue presented by appellant that he was acting as the agent of the purchaser and of the state, that he was either the seller or the agent of the seller. there was no error in permitting state witness to testify that when appellant delivered him a pint of liquor, he told him to go and get him another pint, which appellant did, and delivered the second pint. When such isue is presented it is proper to admit testimony of other sales. Following Carter v. State 95 Tex. Crim. Rep. 657; and Putman v. State, 98 Tex. Crim. Rep. 511.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the District Court of Taylor County for the offense of unlawfully selling intoxicating liquor and his punishment assessed at two years in the penitentiary.

The record in this case shows that the state's witnesses W. H. Davis and Clyde Trammel, two young men about twenty years of age secured from the appellant in the town of Abilene a quart of intoxicating liquor and when same was delivered to them they paid appellant therefor. The contention of the State in this case was that the appellant in said sale was acting for himself or for some person interested in selling said whiskey and the contention of the appellant was that he was acting solely for the purchasers of said whiskey and purely as accommodation, and that he obtained the money from said witnesses and took it and obtained the whiskey from another party and paid for same and then delivered the whiskey to the purchasers and never received a cent therefor or was interested therein in any manner.

The defendant testified that the State's witness above mentioned drove up in an automobile on the streets of Abilene near where he was standing and called him to them and asked him "Do you know where I could get something to drink" and that he said "I told them I did not know, I would try to get them something. They then gave me some money; they gave me $10.00. * * I went back between those two buildings there and turned to my left and went to that house and knocked on the

door. That house is in the same block as the Alamo. * * Somebody answered my knock on the East door and asked who it was and I told them it was "Cookie." I asked them did they have anything to drink and he said yes. I told him to get me some of it. When he came to the door he handed me a package. * * I handed him the ten dollar bill and he gave me back six dollars in change. * * I handed the boys this package and the $6.00. * * I did not have any agreement with the man in the house. * * I went to the back door of that house because I had seen five or six negroes go back there and I just figured I would go back there and try my luck."

The witness Davis for the State testified concerning the approaching of the appellant in regard to the whiskey:

"We asked him if he knew where he could get us any whiskey. He told us he did and he went and got us some. Clyde Trammell gave him the money. He gave him ten dollars. He was gone something like thirty minutes before he returned * * When he came back there he gave this whiskey to Clyde Trammell. We got some more whiskey from him there. He went and got us another pint at the same time. We told him to go, to get us a quart, and he just brought a pint and then he went back and got another pint."

The witness Trammell for the State testified practically the same as Davis and the appellant with the exception as to whether or not the appellant approached them or that they approached the appellant with reference to the purchase of the whiskey and on this point testified in direct examination as follows:

"We started back to town, met this negro and stopped. He asked us if we were looking for something to drink. We told him we were and he said he thought he could get us something. He asked us if we were looking for something to drink. We told him we were. He said he thought he could get us some. We told him to get it. I gave him some money. I gave him a ten dollar bill. We then drove off and stayed a little while and came back to this place. We saw the defendant when we got back there. When we got back there he gave us the whiskey and we laid it in the car."

Upon cross examination on this point, this witness testified:

"It is not a fact that we drove on up there and stopped where the negro was standing on the corner and said, 'Do you know where you can get us anything to drink?' before the negro ever said anything. That never happened. We said to him, 'do you know where you can get us any whiskey?' That is true. I did not address him first and ask him, 'do you know where you can

get us any whiskey?' He asked us if we wanted something to drink, and we asked him then if he knew where he could get us some? He said he thought he knew where he could get us some."

This is a sufficient statement of the facts for the purpose of discussing the alleged errors raised on this appeal.

In bill of exceptions No. 1, complaint is made to the refusal of the court to permit the appellant on cross examination of the State's witness Davis to ask him "they caught you with the whiskey and they had you up there (before the county attorney) investigating it and you unloaded on the negro to protect yourselves, ain't that the truth of it?" Upon objection being raised to this question by the State's counsel, the court excluded same and refused to permit the appellant to have said witness to answer same. The appellant prior to asking this question had shown by said witness that they had him up before the officers and under arrest charged with driving an automobile while under the influence of intoxicating liquor and had shown that there was no charge or complaint filed against him and the witness Trammell as far as he knew relative to transporting intoxicating liquor or driving an automobile while intoxicated and was seeking to show that he was biased in favor of the State for the reason that he either had an agreement to testify against the appellant with the State or was expecting immunity by reason thereof; all of which the witness denied, and if there is any inference to be drawn, it is that the witness would have answered this question in the negative. However, the bill does not show any error in that it fails to show what the appellant expected the witness to answer and this court is therefore unauthorized to assume it would have been favorable. Branch's P. C. Sec. 212, p. 136 for collation of authorities.

Bill of exceptions No. 2 complains of the action of the court in permitting the witness Davis to testify on direct examination for the State concerning the getting of whiskey from the appellant as follows:

"We got some more whiskey from him there. He went and got us another pint at the same time. We told him to get us a quart and he brought back a pint, and then he went back and got another pint."

It is the contention of the appellant that this testimony was improper because when the first pint was delivered it showed a complete transaction and that the State was not authorized to show a subsequent transaction which would tend to prejudice the rights of the appellant before the jury. We are unable to

agree with appellant in this contention. This testimony shows that it is practically a part and parcel of the same transaction, and besides it was the contention of the State that the appellant was not representing the purchasers, but was either representing himself or the seller of said whiskey. This court has held where the question of agency was involved and the testimony raised the issue of whether or not the appellant was representing the seller and not the purchasers, it is proper to admit testimony of other sales. Colter v. State, 95 Tex. Cr. Rep. 657, 255 S. W. 406; Putman v. State, 98 Tex. Cr. Rep. 511. We think that the evidence of the witness Trammell wherein he testified to the appellant's coming there and seeking to know if they wanted some whiskey and the testimony of the appellant as to knowing how and where to go in order to obtain same, sufficiently raises the issue as to the question of his agency, which would authorize the admission of the testimony concerning other transactions and that there is no error in the admission of said evidence under the authorities above cited. What we have said concerning this bill will apply to the objection raised to the court's charge on this issue.

There being no error shown in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the appellant's motion for rehearing, and are of the opinion that in affirming the judgment, proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*