## BUD THOMAS v. THE STATE.

No. 9531.  Delivered April 7, 1926.

1.—Selling Intoxicating Liquor—Evidence—Of Other Offense—When Admissible.

Where, on a trial for the sale of intoxicating liquor, prosecuting witness for the state had testified to purchasing whiskey from a man, at a house which he described, but would not identify appellant as the one who sold him the whiskey, it was permissible to permit the state to introduce two witnesses, who testified that they had bought whiskey from appellant a short time before, and to describe his house and its location which corresponded to the description given by state witness, this testimony being limited in the court's charge to purposes of identification, no error is presented in its reception.

2.—Same—Continued.

Among other things recognized by all authorities, as furnishing exceptions to the general rule rejecting testimony of extraneous crimes, appear intent, identity and system. One of the well settled doctrines in practice is, that if testimony be material and relevant, to an issue on the case on trial, it will not be rejected because in and of itself it proves a separate offense. See Branch's Ann. P. C., Sec. 166. Following Wagner v. State, 53 Tex. Crim. Rep. 306, and other cases cited.

3.—Same—Continuance—Properly Refused.

Where the indictment was returned in December and the case tried the following March, there was no error in refusing the application of appellant for a continuance to secure the attendance of his wife, who lived in Arkansas, no effort having been made to take her deposition.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Bowie county of selling intoxicating liquor; punishment fixed at two years in the penitentiary.

There is no question of the fact that a sale of whiskey was made in the night time about the first of November to three young men who drove out along the highway between Sulphur river and Texarkana to a point where a school house stood near the road, from which they turned and .went to a house "right behind the school house," stopped and halloed for "Mr. Thomas," and a man came out and asked them what they wanted, and they asked him if he had any; he said he thought so and sold them five quarts of whiskey. They said the house was on the left on the road coming toward Texarkana, but they could not identify appellant as the man who sold them the whiskey, and the case was submitted on the law of circumstantial evidence. Some one had told them if they would go there they could get it, and on this information they went. They said the house where they got the whiskey was two or three miles from Sulphur, etc., but they had never been there before.

The state introduced Stone and Austin as witnesses. Stone said appellant lived out on the highway between Sulphur and Texarkana, about two and a half miles from Sulphur, on the left of the road going toward Texarkana; that there was a school house there, and appellant lived "right behind the school house." He further said on November 8th he and Austin went to appellant's place at night and he sold them whiskey. In his charge the learned trial judge told the jury they could consider this testimony of Stone and Austin for no other purpose than as showing the identity of the appellant as the seller of the whiskey charged in this case, if they believed it did so show. The admissibility of this testimony is challenged by bills of exceptions Nos. 2 and 3 and in a special charge asked instructing the jury not to consider such testimony, the refusal of which was excepted to.

Among other things recognized by all the authorities as furnishing exceptions to the general rule rejecting testimony of extraneous crimes, appear intent, identity and system. Many authorities are cited in Sec. 166 of Mr. Branch's Annotated P. C. sustaining the proposition that when these questions are in issue, proof of other offenses is admissible if same be relevant. When the charge is selling liquor, proof of possession of a quantity thereof reasonably near the date of the alleged sale, is ad-

missible. Wagner v. State, 53 Texas Crim. Rep. 306. Witness Stone said appellant had the liquor in a ten gallon can and sold him four and one-half gallons. In prosecutions for manufacturing liquor proof of sales thereof reasonably near the time alleged, has been held competent by this court. Thielepape v. State, 89 Texas Crim. Rep. 493. Possession of whiskey, though unidentified as coming from a still possessed by the accused, has been held admissible as a relevant circumstance. Anderson v. State, 91 Tex. Crim. Rep. 183. One of the well settled doctrines in practice is that if testimony be material and relevant to an issue in the case on trial, it will not be rejected because in and of itself it proves a separate offense. In such case all that is required is that the rights of the accused be safeguarded by an appropriate charge restricting the effect of such testimony in the consideration by the jury. See also Dowd v. State, 66 Texas Crim. Rep. 580; Davidson v. State, 12 Texas Crim. App. 215; Pitner v. State, 37 Texas Crim. Rep. 268; Gorman v. State, 52 Texas Crim. Rep. 327; Secs. 31-34 Wharton's Crim. Ev.; Bateman v. State, 81 Texas Crim. Rep. 73.

Appellant asked for a continuance because of the absence of his wife. They had moved to and lived in Arkansas. The indictment was returned in December and the trial had the following March. If appellant desired the testimony of a witness who lived out of the state, he should have taken her deposition. The certificate of the physician given the day before the trial does not certify that said wife was unable to attend court as a witness. No effort was made in the motion for new trial to support the materiality of said testimony, or the fact that the wife would testify as stated in said application.

We can not agree that the evidence in this case is not sufficient to support the conviction. We have enumerated some of the facts above.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*