## AUGUST GRAEB V. THE STATE.

### No. 10165.    Delivered May 12, 1926.

1.—Sale of Intoxicating Liquor—Evidence—Improperly Admitted.

Where, on a trial for the sale of intoxicating liquor, the defense being an alibi, it was error to admit testimony that six weeks after the date of the purported sale, appellant's premises were searched by officers and a large quantity of beer and other intoxicating liquor, and a still, were found on said premises. This testimony could not shed any light on the defense of alibi interposed and no question of intent, system, identity, etc., was in the case.

2.—Same—Charge of Court—On Extraneous Offense—Failure to Limit— Erroneous.

Where on a trial for the sale of intoxicating liquor, the state had been erroneously permitted to prove that six weeks after the purported sale appellant's premises were searched, and a large quantity of intoxicating liquor and a still found thereon, it was further error for the court to fail to instruct the jury for what purpose such evidence might be considered by them. Where evidence of extraneous offenses is admitted under some one of the exceptions to the general rule rejecting this character of testimony, it is well settled that the court should limit the purpose for which the evidence was admitted.

3.—Same—Search Warrant—Quashing—Practice in Trial Court.

A district court has no power to quash a search warrant that has

issued out of another court, and in no way connected with any matter pending before said district court. The proper practice is by an objection to the introduction of evidence, if obtained under an invalid search warrant, when such evidence is offered on the trial.

#### 4.—Same—Evidence—General Reputation—Cross-Examination—Proper.

Where appellant introduces witnesses who testify as to his general reputation, it has long been the settled rule that the state, on cross-examination of such character witnesses, as testing their knowledge, may ask them if they had not heard of his having violated the law in other felonies, or offenses involving moral turpitude, such as might affect his reputation, whether he had been legally charged with such offenses or not.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Conviction in district court of Guadalupe county of selling intoxicating liquor, punishment one year in the penitentiary.

Appellant was indicted for selling liquor capable of producing intoxication, to one Paul Blair, the date of the alleged sale being June 23, 1925. Blair testified that on that day he and two companions went to the home of appellant and that he purchased from the latter a quart of whiskey. The State rested its case on Blair's testimony. Appellant's wife swore that she remembered Blair and others coming to her house and that they got some beer out of the refrigerator that she had for family use, but that appellant was not at home that day and did not sell any whiskey to Blair. Appellant testified that he was not at home on said date and sold no whiskey to Blair. Other witnesses testified for the defense that appellant was not at home on the date fixed by Blair.

While appellant was on the stand testifying in his own behalf he was asked, on cross-examination by the State, if it was not true that on August 8th he had in his outhouse and residence forty-five gallons of wine, twenty-five gallons of mash, five gallons of whiskey, six dozen pint bottles of beer, twenty-five pounds of sugar, eight pounds of dried fruit, and one still. Over

objection, he answered that the articles mentioned were found on his premises on that date. The court was asked by special charge to tell the jury that the evidence of what was found on the premises of appellant on said occasion could only be considered by them for the purpose of shedding light, if it did, on the guilt or innocence of defendant of the sale of liquor to Blair. This charge was refused. There would seem no question but that under authorities too numerous to mention the action of the court in refusing this instruction was erroneous. Where evidence of extraneous offenses is admitted under some one of the exceptions to the general rule rejecting this character of testimony, it is well settled that the court should limit the purpose for which the evidence was introduced.

We are inclined to doubt seriously the admissibility of this testimony under the facts of this case. The defense was alibi, and we are unable to see how the question of whether there was found on appellant's premises certain liquor, still, etc., six weeks after the date of the alleged sale to Blair, could shed any light on the defense interposed. No question of intent, system, identity, etc., was in the case.

There is a bill of exceptions in reference to the quashing of a certain search warrant offered in evidence. The district court of Guadalupe county had no power to quash a search warrant issued out of another court, and in no way connected with any matter pending before said district court. The matter would be reached by an objection to the introduction of evidence if obtained under an invalid search warrant, when such evidence was offered in any case pending in the district court.

There are several bills of exception complaining of argument of the State's attorneys. We will not discuss same in view of the reversal made necessary by the error above pointed out, further than to say that it was proper for the state to ask appellant's witnesses to his good reputation, on cross-examination, questions pertinent to their knowledge or information of his having violated the law in other felonies or offenses involving moral turpitude such as might affect his reputation, whether he had been legally charged with such offenses or not.

For the error mentioned, the judgment will be reversed and the case remanded.

*Reversed and remanded.*