## LOUIS LENZ v. THE STATE.

### No. 10164. Delivered May 12, 1926.

### Rehearing denied February 2, 1927.

**1.—Sale of Intoxicating Liquor—Indictment—Held Sufficient.**

An indictment which charged that appellant sold to one Paul Blair, liquor capable of producing intoxication, is sufficient. Art. 666 of the P. C. 1925, not only penalizes the sale of spirituous, vinous or malt liquors, but also of any intoxicant whatever. Following Tucker v. State, 94 Tex. Crim. Rep. 505.

**2.—Same—Evidence—Requested Charge—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, appellant requested the court to limit testimony to the effect that there was found in appellant's outhouse or his premises a glass jar containing corn whiskey on the day following the sale. This requested charge was properly refused. The testimony was properly admitted for the purpose of shedding light on the sale charged, as well as to impeach the testimony of both the appellant and his wife to the effect that appellant had no whiskey at his home at the time of the sale.

**3.—Same—Evidence—Impeaching Witness—Properly Rejected.**

Where there was no claim that such acts had been reduced to a legal accusation, there was no error in excluding testimony that a witness had given checks on a bank in which he had no funds. The rule has been correctly stated that proof of particular acts of misconduct is not admissible to effect the credibility of a witness, unless such act has been embraced within a legal charge against the witness. See McAfee v. State, 17 Tex. Crim. App. 139; Conway v. State, 33 Tex. Crim. Rep. 329, and Phillips v. State, 164 S. W. 1007.

**4.—Same—Evidence—Odor and Taste of Liquor—Admissible.**

Where, on a trial for the sale of intoxicating liquor, there was no error in permitting a witness for the state to give his opinion as to the liquor in question, based upon its odor, and the taste of same. Following Hendley v. State, 94 Tex. Crim. Rep. 40.

**5.—Same—Evidence—Properly Admitted.**

Where, on a trial for the sale of intoxicating liquor, there was no error in permitting a witness to testify that he was present when the premises of appellant were searched, on the day following the alleged sale, and that thirty or forty bottles of beer, a fifteen-gallon jar of mash, a five-gallon jar of beer and a gallon of whiskey were found. This testimony was admissible as original testimony, and also as rebutting the testimony of appellant and his wife.

#### ON REHEARING.

**6.—Same—Continued.**

It is well settled in this state that when appellant is on trial for the sale of intoxicating liquor, evidence showing the possession of whiskey by him, shortly after the alleged sale is unquestionably material, and admis-

sible to affect the direct issue under investigation. In the instant case the testimony being admissible, it served the double purpose of impeaching the accused, who denied the possession of the whiskey found, as well as making more likely the sale to state witness Blair. Following Brown v. State, 99 Tex. Crim. Rep. 433, and numerous other cases cited in opinion on rehearing.

### 7.—Same—Requested Charge—Limiting Testimony—Properly Refused.

On rehearing appellant insists that the court should have limited the testimony admitted of the finding of liquor on his premises the day following the sale. We cannot agree with his contention. The testimony was relevant to the main issue, and could only be used by the jury for the purpose for which it was introduced. See Branch's Ann. P. C., Sec. 189, and cases there cited.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J..B. Dibrell, Emil Mosheim* and *P. E. Campbell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful sale of intoxicating liquor and the punishment is one year in the penitentiary.

The indictment charged that the defendant sold to one Paul Blair liquor capable of producing intoxication. Appellant moved to quash the indictment because it did not charge that the liquor sold was spirituous, vinous or malt liquor. Art. 666 of the P. C. on which this prosecution was based not only penalizes the sale of spirituous, vinous or malt liquors but also of any other intoxicant whatever. Under the plain terms of the statute itself this indictment was entirely sufficient. Tucker v. State, 94 Tex. Crim. Rep. 505.

By a bill of exceptions appellant objects to the court's charge because he did not limit the testimony to the effect that there was found in an outhouse on defendant's premises a glass jar containing corn whiskey on the day following the sale. It is appellant's contention that the court should have told the jury that this testimony was offered for the purpose of throwing light on the alleged sale charged. The record discloses that before this testimony was introduced, the appellant took the stand and after testifying that he made no sale to Paul Blair, he also testified that he had no whiskey in his house on the

night of the alleged sale. It was as a circumstance rebutting this testimony of the appellant that the court permitted proof that whiskey was found on his premises the next day. Appellant himself testified that the officers found a large quantity of beer at his house the next day after the night of the alleged sale and his wife gave testimony to the same effect. Art. 658 C. C. P. provides that the defendant or his counsel shall have a reasonable time to examine the charge before it is read and that he shall present his objections thereto in writing distinctly specifying each ground of objection.

We think the objection to the court's charge as presented is without merit. The testimony as to the liquor found at appellant's home the day after the alleged sale was not only admissible for the purpose of shedding light on the sale charged but it was clearly admissible as tending to impeach the testimony of both the appellant and his wife to the effect that appellant had no whiskey at his house at the time of the alleged sale.

Complaint is also made at the court's action in refusing to permit the appellant to prove by the cashier of one of the local banks that one of the state's witnesses had issued several checks to various persons upon his bank in sums ranging from $1.55 to $8.00, when said witness had no funds in said bank to pay said checks. It is appellant's contention that this testimony was admissible for the purpose of impeaching said witness. The rule has been correctly stated that proof of particular acts of misconduct is not admissible to effect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony or a misdemeanor imputing moral turpitude. McAfee v. State, 17 Tex. Crim. App. 139; Conway v. State, 33 Tex. Crim. Rep. 329, 26 S. W. 401; Phillips v. State, 164 S. W. 1007. There is no pretense or suggestion in this record that the charges against this witness had been reduced to a legal accusation. The court's action in excluding the testimony was correct.

The court did not err in permitting the witness for the state to give his opinion as to the liquor in question, based upon its odor and the taste of the same. Hendley v. State, 94 Tex. Crim. Rep. 40.

Appellant complains at the court's action in permitting the witness, Spring, to testify that he was present when appellant's premises were searched on the day following the alleged sale and that about 30 or 40 bottles of beer, a fifteen-gallon jar of mash and a five-gallon jar containing what looked like beer and a gallon of whiskey were found. This testimony was clearly

admissible as not only shedding light on the question under investigation but as rebutting the testimony offered by the appellant and his wife.

Finding no error in the record the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—From the record in this case we observe that the state introduced only Mr. Blair in making out its case in chief. He swore that on a certain night he went to appellant's house and bought from him a quart of whiskey, for which he paid.$3.00. Appellant then took the stand and testified that he did not sell any whiskey to Blair; that he had no whiskey on his place, either that night or the day following when the officers with a search warrant came and searched his place. Appellant's wife also swore that he had no whiskey on the place. In its rebuttal the state put on the stand officer Springs, who swore that he accompanied Blair to a point near appellant's house, at which place Blair left but presently came back with a quart of whiskey which witness saw and tasted. He further swore, over objection, that the next day he went to appellant's house with a search warrant and found buried in the smoke house a gallon bottle of whiskey which he tasted and which, in his judgment, was the same kind and character of whiskey as that had by Blair the night before; also that he found in his search fifteen gallons of whiskey mash.

Appellant stresses the objection he made to the introduction of the finding of the gallon of whiskey by Mr. Springs the morning after the sale alleged to have been made to Blair the night before. The question is not a new one. In Brown v. State, 99 Tex. Crim. Rep. 433, where the charge was illegal selling, we said:

"Evidence showing the possession of a quantity of whiskey by accused shortly after the alleged sale was unquestionably material and tended to affect the direct issue under investigation. It is true accused was not charged with possessing the whiskey for the purpose of selling it, but the effect of the evidence introduced by the state was to induce the jury to believe that he had it with such intent, and was actually carrying it out. The fact

of possession was introduced by the state as a criminative circumstance against him."

In Reub v. State, 93 Tex. Crim. Rep. 345, the accused being convicted of the offense of selling intoxicating liquor, we said:

"We have frequently held that testimony of the manufacture by the accused of intoxicating liquor is admissible and has probative force when the charge against him is the selling of intoxicants."

The facts in that case showed that on a different occasion from that of the alleged sale the officers searched appellant's place of business and in a small building immediately in the rear of his bakery liquor was found in process of making. On a trial of one charged with the manufacture of liquor, proof of several sales, shortly before the finding of a still, was upheld in Newton v. State, 94 Tex. Crim. Rep. 386. Proof of finding the apparatus and material for making whiskey on appellant's premises was admitted upon his trial for selling in Dameron v. State, 97 Tex. Crim. Rep. 173. Nichols v. State, 97 Tex. Crim. Rep. 176, quotes approvingly from Branch's Ann. P. C., Sec. 2347, as follows:

"Proof of other offenses is admissible * * * when it is sought to show the guilt of defendant by circumstantial evidence and such proof of another offense connects or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory."

Under all these authorities and facts herein we think the testimony of Mr. Springs was admissible.

Even though direct testimony is relied on to make out a case, the state has the right to support such testimony by proof of corroborative circumstances. This is especially true when the direct testimony supporting the state's case is combated by the defense.

It needs no argument to make plain the proposition that one can not sell and deliver whiskey, who has no whiskey. It needs no argument to make plain the further proposition that testimony of the purchase of any quantity of whiskey, or of any other article for that matter, is strongly supported by proof that the alleged seller has in his possession either at the time or reasonably near thereto a quantity of whiskey or of such other articles. Proof that appellant was in possession of the bottle of whiskey the next day and of the material for making whiskey, was competent and admissible.

One on trial for an assault with a pistol who took the stand and denied the assault, and denied having the pistol,—could hardly complain of proof by the state in rebuttal of the fact that he did own a pistol and had been seen with it the day before the

alleged assault.    Illustrations might be multiplied.    We quote further from Nichols v. State, 97 Tex. Crim. Rep. 178; opinion by Morrow, P. J.:

"Considering the appellant's testimony denying that he manufactured the whiskey and the various attacks made by him upon the credibility of the witness relied upon by the state and the other defensive evidence mentioned, was it not relevant and competent that the state show that near the time and place at which the offense was committed, the appellant, in connection with his son, one of the conceded actors in the commission of the offense, was in possession of articles such as the still produced and engaged in selling it and conveying it to the purchaser?    We think this question should be answered in the affirmative, and that such answer is consistent with the rule quoted from Mr. Branch announcing the prevailing exceptions in this state and in harmony with many of the cases to which reference has been made in this opinion."

The authorities cited by appellant in his motion have been reviewed, but each is distinguishable.    For instance Stewart v. State, 272 S. W. 202, is cited.    The defense in that case was alibi. The state was allowed to prove the finding near appellant's premises of a still and five gallons of whiskey some days after the alleged sale.    This court held that such proof shed no light on the issue as to whether the accused was at home on the day of the alleged sale.    Substantially the same appears in Graeb v. State, 283 S. W. 819, which is cited.    Donaldson v. State, 260 S. W. 185, seems to hold against the appellant's contention.    In that case the charge was selling.    This was denied by the accused who also swore he had no liquor in his yard or possession.    We upheld the action of the lower court in admitting proof that three bottles of liquor were found in his yard on a date different from that of the alleged sale but reasonably near.    Such testimony in the instant case being admissible, it served the double purpose of impeaching the accused who denied his possession of the whiskey and mash found, and denied knowledge of the fact that the officer found same in his smokehouse, as well as making more likely the fact of his sale to Blair.

Appellant excepted to the charge of the court for its failure to limit the purpose of the admission of the testimony "to those specific purposes for which it was admitted."    Supposed error in the failure of the court to limit the purpose for which this evidence was admitted, is also urged in appellant's motion for rehearing.    Mr. Branch cites many authorities in Sec. 189 of his Ann. P. C., wherein is stated:

"Testimony does not have to be limited where it can only be

used by the jury for the purpose for which it was introduced."

As said by us in the Brown case, supra, the evidence of the finding of the bottle of whiskey and the whiskey mash the morning following the alleged sale the night before, was relevant to the main issue. It therefore needed no limitation. The court here plainly told the jury in his charge that appellant was on trial only for selling liquor, and unless they believed beyond a reasonable doubt that he sold said liquor he should be acquitted. To infer that the jury may have concluded that they were trying appellant for possession of the bottle of whiskey or the mash found the next morning, seems far fetched and against reason. We fail to see how the jury could have appropriated the testimony referred to for any other purpose than impeachment or as shedding light on whether appellant sold the whiskey to Blair.

Being unable to agree with any of the contentions of appellant, the motion for rehearing will be overruled.

*Overruled.*