## MIRELES v. STATE. (No. 11594.)

Court of Criminal Appeals of Texas. Nov. 7, 1928.

Rehearing Denied March 6, 1929.

G. B. Fenley, of Uvalde, and A. L. Love, of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

State's witness Ferris Carroll testified that he purchased a soda water bottle full of whisky from appellant. At the time he made the purchase he was in appellant's home. Melvin Dennis and Johnnie Graham had gone with him to appellant's home, but sat outside while the transaction was being engaged in by appellant and Carroll. Testifying concerning the delivery of the whisky to Carroll, appellant stated: "Ferris told me he wanted it for himself and Melvin. I told him I would try to get it for him. Ferris gave me a one dollar bill. Then I went to the door and went outside and got it from some man out there. I knew the other man by sight. He said that his name was Timoteo Oliverez. I told him that I wanted one dollar's worth of whisky for some man. He gave me a soda water bottle full of whisky for one dollar. I gave him the dollar. I gave the bottle to Ferris back in the kitchen. I was gone about five or ten minutes from the time I left Ferris until I got back. I did not make one cent on that transaction. I got it for the two men. I was just doing it for a friend."

The indictment charged that appellant "did then and there unlawfully sell to Ferris Carroll intoxicating liquor, said liquor being then and there capable of producing intoxication." Appellant's contention that the indictment charges no offense cannot be sustained. In the cases of Lenz v. State, 106 Tex. Cr. R. 29, 290 S. W. 167, and Tucker v. State, 94 Tex. Cr. R. 505, 251 S. W. 1090, this court held that an allegation in an indictment drawn under the terms of article 666, P. C., that the accused sold liquor capable of producing intoxication, was sufficient to charge an offense.

In the development of its case in chief the state proved by its witness Carroll that he had on other occasions purchased whisky from appellant. The issue of agency was raised by appellant's testimony; it being his contention that he acted as the purchaser's agent in securing the whisky. This issue was properly submitted to the jury. It is well settled that in prosecutions for the illegal sale of intoxicating liquor other sales cannot be shown, unless facts are developed which make such other transactions admissible under an exception to the general rule excluding proof of other offenses. Colter v. State, 95 Tex. Cr. R. 657, 255 S. W. 406. However, where the accused admits in whole or in part the transactions upon which the state relies for a conviction, but defends on the ground that he was acting as agent for the purchaser, an exception to the rule is presented and proof of other sales is admissible to aid the jury in solving the question of alleged agency. Cannon v. State, 102 Tex. Cr. R. 553, 278 S. W. 854; Colter v. State, supra. While the

869

testimony of other sales should properly have come in rebuttal, such testimony became material and relevant in view of appellant's testimony. The anticipation of the issue raised by appellant's testimony, under the facts of the case, manifests no such error as would warrant a reversal. Gregory v. State, 92 Tex. Cr. R. 574, 244 S. W. 615.

 It is alleged in the indictment that the sale of the whisky in question was made to Carroll. Appellant contends that the proof showed a sale to Carroll, Dennis, and Graham. It is his position that this constitutes a fatal variance. In the case of McGee v. State (No. 11318) 15 S.W.(2d) ——,[1] opinion delivered October 31, 1928, a contention similar to that here made was overruled.

The state's testimony is sufficient to show that appellant made a sale of whisky to Carroll. The issue of agency was raised by appellant's testimony. This issue was properly submitted to the jury. We are unable to agree with appellant that the undisputed testimony is to the effect that appellant acted as Carroll's agent in securing the whisky for him.

Finding no error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. ▆ The appellant contends that the receipt in evidence, out of its order, of testimony to the effect that on a previous occasion the witness Carroll had purchased whisky from the appellant, was reversible error, notwithstanding such testimony was made competent and relevant by the testimony of the appellant. The opposite view expressed in the original opinion is regarded as sound as applied to the facts in the present record. Carroll testified that he bought whisky from the appelland upon a certain occasion. The appellant testified in his own behalf and admitted the transaction with Carroll, explaining it, however, with the statement that his connection therewith was that of an agent and not of a seller. No other defensive theory was presented by the appellant, save that of agency, and to rebut such theory the testimony of the previous sale of which complaint is made was admissible. See Colter v. State, 95 Tex. Cr. R. 657, 255 S. W. 406, and also the cases mentioned in the original opinion. We are unable to perceive the possibility of injury that the appellant could have suffered by reason of the introduction of the testimony mentioned out of its order. The order of receiving testimony is ordinarily within the discretion of the trial judge. See Underhill's Crim. Evidence (3d Ed.) § 439;

Branch's Ann. Tex. P. C. § 98; Hartsfield v. State (Tex. Cr. App.) 29 S. W. 777; Moore v. State, 7 Tex. App. 14; Cox v. State, 8 Tex. App. 297 (34 Am. Rep. 746); Knight v. State, 64 Tex. Cr. R. 541, 144 S. W. 967; Gregory v. State, 92 Tex. Cr. R. 574, 244 S. W. 615. From the case of Cox v. State, supra, the following quotation is taken: "If then, the evidence was competent and legitimate, should the bare fact that it was admitted incidentally, and out of time and place, destroy its legitimacy, and render also incompetent and inadmissible other legitimate evidence with which it happened to be blended? We cannot think so."

In the same case the quotation from Carroll v. Commonwealth, 84 Pa. 107, is quoted with approval: "We must look at the real competency of the evidence, and not at the order of its reception; and when we find that it was all finally competent, we will not reverse because of the time or order of its introduction."

The motion for rehearing is overruled.