JULIO MARA BARRERA v. STATE

No. 25694. February 27, 1952.

Hon. James McMorries, Judge Presiding.

*Thomas & Thomas,* Big Spring, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged with transporting beer, an alcoholic beverage, and was by a jury assessed a fine of $500.00 and six months in jail.

The chief contention made on this appeal is based on the complaint that the State Liquor Control Board officers who made the arrest searched appellant's car without a search warrant.

The officers testified that they met appellant and another

driving an automobile at night-time and became suspicious of him because of the speed he was driving. They turned, followed him and, upon stopping him, they looked in the car and saw cases of beer. The evidence is quite meager but they did testify that several cases of beer, filling the back of the car to a point above the back seat, were covered with a blanket; that they could see one corner of a carton and could tell that it contained beer. This witness was cross-examined extensively but no effort was made to challenge his right to say, from the small portion of the box exposed, that it was beer. So far as the cross-examination revealed he might have seen enough of the box to read the label. The officers concluded it was beer, made the arrest, and further investigation proved the correctness of their judgment. In the state of the record the jury was warranted in finding appellant guilty.

In his brief appellant lists his first complaint about the court's charge wherein a form of verdict was submitted for the jury, along with other forms. For this he must rely on the sufficiency of the objection made to the charge before the same was read to the jury. The form complained of reads as follows: "We, the Jury find the Defendant, Julio Mara Barrera, guilty of the offense charged in the information and assess his punishment at $........... and .......... months in the County Jail." The jail sentence is not measured in terms of months alone. The jury could have given a number of days. The attack lodged against this form is ". . . on the grounds that such constituted a comment on the weight of the evidence and a charge on the weight of the evidence." The objection to the court's charge brings the question squarely to this court. It appears to be the same error and the same objection which this court passed upon in Green v. State, 154 Texas Crim. Rep. 197, 226 S.W. 2d 454. It was there said: "The trial court should have responded when the matter was thus called to his attention by eliminating the expression 'term of months.' The punishment provided for the offense charged has no minimum jail term and therefore is not necessarily to be measured in terms of months."

Nothing in the court's charge is more important than a statement of the penalty to be fixed in case the party on trial is found to be guilty. We cannot speculate on the influence which an error of this nature might have on the jury's thinking. If the punishment is to be fixed in "months" it is possible that the time to be served would be fixed greater than if they were permitted to consider a term of "days".

His second complaint is that the evidence is insufficient to show a publication of the order canvassing the returns and declaring the result of the election. As to this, the record reflects the order of the commissioners' court of date March 14th, 1903, canvassing the returns and declaring the result of an election held on March 3rd, 1903, prohibiting the sale of intoxicating liquor. Appended to this order of the commissioners' court is the following: "The above order was duly published by posting copies of the same at three public places within the time prescribed by law for the length of time required by law. Bailey Anderson." It appears that Bailey Anderson was the county judge. It is appellant's contention that the certificate of publication not having been expressly dated, and being appended to the order of the commissioners' court dated March 14, 1903, that the certificate is to be construed as having been entered and made at that time.

We are unable to follow this reasoning but, to the contrary, the construction to be placed thereon is that the county judge affixed the certificate of publication to the original minutes of the commissioners' court after the publication as certified therein had been made. As so construed the certificate presents prima facie proof of the publication of the order putting local option into effect.

The third complaint presented on the appeal relates to an incident occurring in the court room. This will likely not occur upon another trial and need not be discussed.

For the error in the charge the judgment of the trial court is reversed and the cause is remanded.