JOE B. SPRINGFIELD V. STATE

No. 34,498. May 16, 1962

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, on appeal only, for appellant.

*William H. Davis,* Chief, Enforcement Division, State Securities Board, Austin, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is selling securities without having been registered as a dealer by the Securities Commission of Texas; the punishment, confinement in the penitentiary for one year.

In view of our disposition of this appeal, a statement of the facts will not be necessary.

The trial judge admonished the jury against a quotient verdict in his written charge as follows:

"* * * it would not be permitted of each juror to state or set down a number of years and that you should add up the total of the sums so stated and divide the same by the number of jurors, and thereby agree to be bound by ascertaining the result so obtained."

Appellant excepted to this charge because it "constitutes and is a comment upon the weight of the evidence by the court with implication of the court's opinion that the Defendant should be assessed a term in the penitentiary" and is "an undue limitation of the jury's field of deliberation insofar as the penalty is concerned".

The punishment provided in Article 581-29, V.A.R.C.S., for the offense charged has no minimum penalty. The jury could have assessed a fine and no confinement at all, or confinement for a period of days, or a period of months, and the court's reference to "years" was clearly improper for the reasons stated in Green v. State, 226 S.W. 2d 454. See also Barrera v. State, 246 S.W. 2d 480.

The State was allowed to prove that appellant had made four separate sales of securities in addition to the one for which he was there indicted for the purpose of showing that he was a dealer in securities. Upon another trial, the court's charge should limit the jury's consideration of this evidence to the purpose for which it was admitted. Graeb v. State, 104 Texas Cr. Rep. 293, 283 S.W. 819, and Thomas v. State, 103 Texas Cr. Rep. 671, 282 S.W. 237.

For the errors above pointed out, the judgment is reversed and the cause is remanded.